McClanahan v. McKinley.

## McClanahan v. McKinley.

1. **Fraudulent Representations**: CONTRACT. Where the vendor of real estate represented the land to be good, but used no artifice to induce the vendee to forbear an examination, and it was not established by the proof that any special confidence was by mutual understanding of the parties to be reposed in the vendor's statements, it was held that the vendee was not entitled to a rescission of the contract.

*Appeal from Wayne Circuit Court.*

SATURDAY, OCTOBER 25.

ACTION to rescind a conveyance made in pursuance of a contract for an exchange of lands. The plaintiff conveyed to the defendant an improved farm of one hundred and twenty acres in Wayne county for three hundred and twenty acres of unimproved land in Crawford county, and $400. He avers that he was induced to make the trade by the fraudulent representations of the defendant. Other facts are stated in the opinion. There was a decree for the plaintiff. Defendant appeals.

*J. W. Freeland*, for appellant.

*Tedford & Miles*, for appellee.

ADAMS, J.—The plaintiff avers in his petition that the defendant represented that the land in Crawford county was of good quality and location; that it was of the value of $12.50 per acre, and that that was the prevailing price of lands in that locality.  He also avers that the defendant made other "representations concerning the lands, such as distance from a railroad station, mill, schools, amount of grass cut the year before," etc.; but there is no averment as to what the representations were.  Evidence was introduced to show that the defendant said that the land was about such land as his farm was where he lived, but the petition contains no averment of such a representation.  In argument it is stated that the representations which induced the trade were as follows:  1st. That the Crawford county land was good land and of a good quality.  2d. That the surface lay well, and was as good as the farm on which the defendant resided.  3d. That it compared favorably with land in Wayne and Lucas counties.  4th. That its location was good and could be sold readily for $12.50 per acre, and that such land was selling in Crawford county at from $8 to $15 per acre."

*1. FRAUDULENT representations: contract.*

It is objected by the defendant that these representations are, for the most part, mere matters of opinion, and besides that they are not proven by that clear preponderance of evidence which is necessary to justify a court of equity in canceling a contract on the ground of fraud.  The rule of law, that fraud will not be deemed proven unless the evidence is satisfactory, is a familiar one.  *Bryan v. Hitchcock*, 43 Mo., 527; *Christmas v. Spink*, 15 Ohio, 600; *Stine v. Skerk.*, 1 Watts and S., 195.  So, too, the rule which in general excludes evidence of representations which are mere expressions of opinion, is equally well established.  *Ellis v. Andrews*, 56 N. Y., 85; *Parker v. Moulton*, 114 Mass., 99; *Bondurant v. Crawford*, 22 Iowa, 40 (47); *Longshore v. Jack & Co.*, 30 Iowa, 298.  Tested by these rules, it appears to us that the fraud is not made out. The plaintiff testifies that the defendant said that the land was good, whereas, it was not.  Without holding that there might not be cases where a false representation of this kind would entitle a person misled by it to equitable relief, we have to

say that we think that this is not such a case. There is nothing in the evidence to show that there was any need of haste in consummating the trade, or that the plaintiff might not easily have informed himself as to whether the land was good or otherwise. The defendant used no artifice to induce the plaintiff to forbear an examination, nor is any good reason shown why the plaintiff did not make an examination, either personally or by an agent. It is true he says that the defendant was an old and trusted friend, and that the trade was made upon the express understanding that he might rely upon the defendant's statements. But the defendant denies that there was anything said to that effect, and so we cannot regard it as proven that the defendant knew that any special confidence was reposed. Besides, upon the question as to whether the land is or is not good, we should be justified in allowing considerable latitude in the use of the word good rather than hold that the defendant was guilty of fraud. That the land is not of the best quality, is clearly enough shown. Some of it we think the evidence shows might properly be called rough, but it seems equally certain that it is nearly all fit for cultivation. One witness says that none of it is waste or barren. It is shown to be poor on the ridges, but elsewhere good. One witness says that the surface of the land is not level, and not bluffy, just rolling, and smoother than most of the land in the western part of the county, and that the soil is pretty good so far as he knows. Another says that the soil is generally good, and that he thinks it a little above the average of land in that part of the county. Four witnesses estimate the value as high as six dollars an acre, and the average of the testimony would make it but little less. After the plaintiff had visited the land, he wrote to the defendant about it, but he made no complaint as to its character, but merely as to the low price at which lands were selling in the county. In our opinion, then, the mere statement by the defendant that the land was good land is not sufficient to justify us in canceling the trade.

As to the alleged representation that the land lay as well, or was about such land, as the farm on which the defendant resides,

it may be said that such representation is not only not averred in the petition, but is not proven by a clear preponderance of evidence. The plaintiff testifies that the defendant made the statement. The defendant testifies that he did not. Each is corroborated by one witness and only one. The defendant's witness, it is true, is his son. The plaintiff seeks to discredit him on account of this relation. Possibly he might be regarded as discredited to some extent. But he shows that he was thirty years of age, and had no interest in the event of the suit. To hold that there is a clear preponderance of evidence in favor of the plaintiff, would be going farther than we feel justified in going.

In this connection we may say that there is no point upon which we feel justified in holding that there is a clear preponderance of evidence in favor of the plaintiff, except as to the value of the land. The plaintiff testifies that the defendant said it was worth $12 an acre. He is corroborated by two witnesses. The defendant denies it, and is corroborated by only one. Of course a statement of value is an opinion, and we see nothing in the case to take it out of the ordinary rule, that whoever relies upon the opinion of another does it at his peril. But further than that, we cannot think that if such statement was made the plaintiff believed it. The defendant at the time of the trade had just been to Crawford county to see his land. After the trade was proposed he examined the plaintiff's farm, and consented to give him $400 in exchange. The farm is variously estimated, by some as low as $15 per acre, and by others as high as $35 per acre. If the Crawford county land had been worth $12 per acre, the defendant would have paid for the farm more than the highest estimate fixed by any witness, and from $1,200 to $1,500 more than the evidence in our opinion shows that it was worth. An average of the testimony will show the value of the farm to be not far from $3,000, or $25 per acre. But the only witnesses who show that they had dealt in real estate estimated it at from $15 to $20 per acre. The defendant, we think, obtained for his land in the exchange from $7.00 to $8.00 per acre. He made the trade knowing both tracts, as plaintiff well knew. It

is incredible that the plaintiff should have believed that he was obtaining land in the trade worth $12 per acre.

The defendant says that he told the plaintiff that the land cost him $12 per acre. The plaintiff estimated his farm at $4,500. That sum it appears was inserted as the consideration in the deeds. But the defendant says that he told the plaintiff that neither piece of property would sell for any such amount of money. The plaintiff denies this, and perhaps it should not be regarded as proven, but we believe that the plaintiff knew that the farm would not sell for that much, and that he did not suppose that the land would sell for as much as it was estimated in the consideration.

We are of the opinion that the decree of the Circuit Court should be

REVERSED.

## ON REHEARING.

BECK, CH. J.—Upon a petition for rehearing we have given this case a careful reconsideration. We confess that the minds of some of us were, upon the original argument, as well as upon the rehearing, strongly inclined to sustain the decree of the court below. But this disposition, we must frankly say, resulted from the conclusion, readily reached, that plaintiff made a bad bargain and is really a loser in the transaction. Upon a closer study of the case, we fail to discover that the foregoing opinion does not fairly and fully present the facts and the law applicable thereto. It is now our deliberate judgment that the testimony fails to disclose a case of fraud and false representations authorizing the court to set aside the contract of the parties. The evidence is fairly and sufficiently discussed in the foregoing opinion.

It is urged in the petition for rehearing that the opinion misstates the pleadings, when it says that the representation that the land lay as well as another farm is not averred in the petition. But if it should be admitted that the statement is erroneous, the opinion expressly holds that the allegation is not sustained by a preponderance of proof. The plaintiff, therefore, has had the benefit of the allegation.

Plaintiff now claims that this allegation was not denied by defendant, and, therefore, must be taken as admitted. This position is first urged in the petition for rehearing. We will not now consider it. It may be further remarked that plaintiff treated the allegation as denied, and introduced evidence to support it in the court below and in this court. He cannot now insist that the allegation is admitted.

Other parts of the petition for rehearing are devoted to a discussion of the evidence. It is quite unnecessary to say any more on this subject than has been said in the first opinion. We are content to rest the case upon what is there found. We adhere to the conclusions heretofore reached, and still think the decree of the court below ought to be reversed. .