## DIRKSON v. KNOX ET AL.

1. **Contract**: FRAUD: RESCISSION: EVIDENCE. A court of equity will not annul a contract on the ground that it was procured by fraud, unless the evidence is clear and satisfactory, and preponderates in favor of the party asking the rescission. Accordingly, where there was no special confidence reposed by the plaintiff in the defendant, and no artifice used to prevent plaintiff from making the requisite examination to ascertain the truth, and he had an opportunity to do so, and it did not clearly appear that the alleged false representation was anything more than a . guess, or an expression of opinion, *held* that a rescission should not have been decreed.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 23, 1886.

ACTION in equity to rescind a contract and set aside a conveyance of real estate. Judgment for plaintiff, and defendants appeal.

*C. W. Johnson, Geo. W. Seevers* and *P. Gad Bryan*, for appellants.

*Phillips & Day*, for appellee.

SEEVERS, J.—The appellant J. M. Knox was the owner of twenty-five shares of the capital stock, of the par value of $2,500, of the Hawkeye Seed Company, a corporation existing under the laws of this state, which he transferred to the plaintiff in consideration of the conveyance of certain real estate by the latter to H. M. Knox. The plaintiff claims that the conveyance was obtained by means of the fraudulent representions of J. M. Knox as to the business of the said company, the amount of the indebtedness and value of the stock, and that H. M. Knox is not a *bona fide* purchaser. The material representation which is claimed to be fraudulent, relied on by counsel for appellant, is that Knox represented that the amounts due the seed company were about equal to the indebtedness of the corporation, whereas the

evidence shows that the latter exceeded the former in the sum of $730.73.

It must, we think, be true that, before a contract can be rescinded, the evidence must be clear and satisfactory, and preponderate in favor of the party asking the rescission. Possibly the rule is that a mere preponderance is sufficient, but the preponderance must be made to clearly appear. It is also true, if no artifice be used to prevent the party asserting the fraud from making the requisite examination to ascertain the truth, and he has the opportunity to do so, and there was no special confidence between the parties, reposed by the one in the other, that the contract will not be rescinded. *McClanahan v. McKinley*, 52 Iowa, 222, and authorities cited. It quite satisfactorily appears that the amounts due the corporation, as well as the indebtedness, appeared on the books of the company, which the plaintiff had the opportunity to examine, and, as we understand, he did make a slight examination of the books; but it is probably true that he did not understand book-keeping. But he could have got some one to make such examination as well before as he did after the contract was made. It is entirely clear that no special confidence was reposed by the plaintiff in Knox; that is, he had no right to do so from the relations which existed between them. Each of them simply dealt with the other on his own judgment, and no doubt tried to make the best trade he could. But, conceding that the plaintiff had the right to rely on the representations of Knox, and that he was not bound to have the books examined for the purpose of obtaining a knowledge of the standing of the corporation, has he established by a clear preponderance of the evidence that any material false representations were made? In considering this question, it will be conceded that Knox knew, or was bound to know, the amount of the indebtedness.

The evidence of the plaintiff is: "I asked Knox whether they owed any debts, and he represented to me that they were on a secure footing. Everything was cleaned; that

Dirkson v. Knox et al.

they had made a clean sweep in January, and everything was paid, and that there were no debts but what the outstanding accounts would balance. On that condition I concluded to buy in." Knox testifies: "I remember that the plaintiff asked me about the amount of the outstanding indebtedness I did not say to him that the credits due the corporation would about liquidate the outstanding indebtedness. I said they might come in the neighborhood of balancing; I could not say. I said that was simply a guess. He said, 'Guess at it,' and insisted upon a guess; and that was my guess. That was my impression at the time. I made the statement."

It seems to us to be quite evident that, if Knox can be believed, he did not make any positive statement on which the plaintiff was authorized to rely, and especially so when he had the opportunity to have an examination of the books made, and thus ascertain certainly for himself. Now, neither the plaintiff nor Knox is materially corroborated, and, so far as we can see, they are equally entitled to credit. There is nothing in the story told by either which will warrant us in disbelieving either of them. All that can be said is that they have understood the transaction differently. Counsel for the appellee claim that he is corroborated by the evidence of Sturgis and Gaston. The latter testifies that "Knox said he did not know the amount of the indebtedness exactly, but he thought the debts and credits would not far from balance, or something to that effect." Sturgis testifies to what the plaintiff told him Knox said. Conceding its competency, it is not more definite and certain than the evidence of Gaston. We think the circuit court erred in rescinding the contract and setting aside the conveyance.

The cause will be remanded, with directions to enter a decree in accordance with this opinion; or, if the defendants so elect, they may take a decree in this court.

REVERSED.