J. V. RICHARDSON, Appellee, v. IRA SHORT et al., Appellees; JOE HORN et al., Appellants.

**PRINCIPAL AND AGENT: The Relation—Evidence—Sufficiency.** Evidence relative to a contract for the exchange of lands reviewed, and held insufficient to show that a party thereto who signed the same individually was acting solely as the agent of his wife.

**NOVATION:** Insufficient Showing. A purchaser of real estate who has
2    assumed the payment of existing incumbrances may not base a
     novation of his obligation on the simple expedient of causing the
     deed to be made to his wife as grantee.

**VENDOR AND PURCHASER:** Remedies of Vendor—Action for Price
3    —Defect in Title. A purchaser who goes into and retains undisputed
     possession of the purchased premises may not, *because of some de-*
     *fect in the title,* defeat an action to recover on his agreement to pay
     an existing incumbrance.

**ESTOPPEL:** Nonnecessity to Plead. A mortgagee who seeks to en-
4    force the agreement of a grantee of the land to pay the mortgage
     debt need not plead that the grantee, by taking and retaining
     possession of the land, has *waived,* or is estopped to assert, any
     defect in the title to the land.

**MORTGAGES:** Foreclosure—Personal Judgment—Insufficient Prayer.
5    A personal judgment without a specific prayer therefor is erroneous,
     and a prayer for ''other and further relief'' is not such prayer.

**REFORMATION OF INSTRUMENTS:** Right in General—Ineffectual
6    **Reformation.** A contract between a mortgagor of real estate and
     a purchaser of the land, wherein the purchaser assumes the pay-
     ment of the mortgage, will not be reformed in proceedings to fore-
     close the mortgage, by inserting in the *contract* a maturity date
     which is different from the admittedly true maturity date as speci-
     fied in the *mortgage,* because such reformation could not possibly
     affect the *mortgagee.*

Headnote 1:  2 C. J. pp. 816, 953; 30 C. J. p. 851; 27 Cyc. p. 1349
(Anno.)  Headnote 2:  29 Cyc. p. 1131.  Headnote 3:  39 Cyc. pp. 1603
(Anno.), 1937.  Headnote 4:  21 C. J. p. 1246.  Headnote 5:  27 Cyc. p.
1756.  Headnote 6:  34 Cyc. p. 946.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

MARCH 17, 1925.

OPINION ON REHEARING MARCH 9, 1926.

ACTION in equity, to foreclose a mortgage and for other
relief. The facts are fully stated in the opinion. Judgment
and decree was entered as prayed, and the defendants Joe and
Margaret A. Horn appeal. For former opinion, see *Richard-*
*son v. Short,* 202 N. W. 836.—*Reversed in part; affirmed in part.*

*Crist & Dyer* and *Campbell & Campbell,* for appellants.

*O. M. Slaymaker,* for Ira and Erma Short, appellees.

*Lloyd Thurston,* for J. V. Richardson, appellee.

STEVENS, J.—On December 9, 1920, the appellee Ira Short and the appellant Joe Horn entered into a contract in writing, by which the former, as party of the first part, agreed to convey to the latter two certain tracts of land in Clarke County, containing, respectively, 145 and 157 acres, subject to incumbrances upon the smaller tract of a first mortgage of $7,000 and a second mortgage for $5,500, both of which Horn assumed and agreed to pay, subject also to a lease for 1921; and also to convey the larger tract, subject to incumbrances of $20,000 and a lease for the year 1921.

In exchange for the above conveyances, Joe Horn agreed to convey to appellee Short two separate tracts located in Saskatchewan, Canada, each subject to specified incumbrances, the amount of which is not material to this controversy, and to pay Short $5,000 on or before March 1, 1922, the date fixed by the contract for the conveyance of the 157-acre tract to Short, subject to the lease above referred to, possession to be given March 1, 1921. Horn agreed to convey the Canada land to Short within ten days after the date of the contract, and to give possession at once. The contract also required first party to furnish abstracts to all of the Clarke County lands.

The due date of the $5,500 mortgage, which was held by the appellee Richardson, was March 1, 1922. Neither the contract nor the deed subsequently executed to the 145-acre tract stated the maturity of the mortgages. The deed contained a clause by which the grantee assumed and agreed to pay the mortgages above referred to, with interest from March 1, 1921. Default was made in the payment of the interest on the $5,500 mortgage, and on April 14, 1922, this action was commenced, to foreclose the same. Personal judgment was also asked against the makers of the note and mortgage, and against Joe Horn on contract and the assumption clause in the deed.

The appellants, Joe and Margaret A. Horn, filed a joint answer to the plaintiffs' petition, and also a cross-petition.

The defenses set up in the answer were that Ira Short, for the purpose of inducing appellants to enter into the written contract, represented and stated to him that the $5,500 mortgage matured March 1, 1926, and that appellants at no time assumed or agreed to pay a mortgage for $5,500 maturing March 1, 1922; that Joe Horn acted only in the capacity of agent for his wife in the transaction; that, after the execution of the written contract, and prior to the delivery of the deed conveying the smaller tract, an oral agreement was entered into between the parties that the name of Joe Horn, as grantee, should be erased in the deed, and that of Margaret A. Horn substituted, and that Joe should therefore be released from liability. This agreement, it is claimed, constituted a novation of the debt. It is further stated that the Shorts failed and neglected to furnish appellants an abstract of title, as required by the terms of the written contract; that appellants at no time accepted the deed, and that they denied that they were indebted to Short; and that, by reason of the equities existing in their favor, no recovery against them could be had upon the assumption clause in the contract or in the deed.

The cross-petition of appellants alleged that the real agreement between them and Short was that the $5,500 mortgage matured March 1, 1926, and that, through inadvertence, oversight, or mutual mistake of the parties, this part of the agreement was omitted from the writing; and they prayed a reformation thereof.

It appears without controversy that, prior to the execution of the contract in question, Short had sold the 145-acre tract to one Lewis, who did not complete the purchase, and had made out a deed conveying the same to him; but, as the deed, on which revenue stamps had been placed, was not delivered, the name of Lewis was erased, and that of Horn substituted therein. In making the alteration in the deed, the name of Lewis, as grantee, was, by oversight, not erased; but Short now consents that it be changed according to the intention of the parties. It is also conceded that, sometime prior to the delivery of the deed, the name of Joe Horn, as grantee, was, at his request, erased, and that of his wife substituted.

Appellants were not present at the trial, and, by agreement,

a statement was dictated into the record by their attorney as to what they would testify to, if present, with the same force and effect as testimony.

I. Joe Horn and Ira Short were the only persons who signed the contract. There is nothing therein to indicate that the former was acting in the transaction as the agent of his wife. The only testimony to that effect was the statement of counsel. His agency, if it existed, does not appear to have been disclosed to the other parties, and the inference to be drawn from the transactions, as disclosed by the record, is that he was acting for himself, and not for his wife. Having signed the contract, he is bound by its terms, and cannot avoid liability upon the ground now asserted and not established by competent proof.

1. PRINCIPAL AND AGENT: the relation: evidence: sufficiency.

II. Likewise, the alleged novation is not sustained by the evidence. The essentials of a novation are:

"(1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; (4) the validity of the new one." *Hannan v. Murphy,* 198 Iowa 827.

The insertion of Margaret A. Horn's name in the deed, as grantee, was at the request of her husband. No testimony was introduced tending to show any agreement between the parties that Joe Horn was to be released from liability and his wife substituted in the contract for him. On the other hand, so far as there was direct evidence, it tends to show that he was not to be released. Appellants do not now assert that the written contract was abrogated by the oral agreement of the parties or merged in the deed, but, on the other hand, a reformation thereof is prayed. Defendants, of course, had a right to plead inconsistent defenses, but the prayer for the reformation of the contract is in the cross-petition. At least three of the essentials are absent.

2. NOVATION: insufficient showing.

III. It is conceded that appellees did not furnish appellants an abstract of title, as required by the express terms of the contract. It appears, however, that an abstract of title

3. VENDOR AND
PURCHASER:
remedies of ven-
dor: action for
price: defect in
title.

to the 145-acre tract was made out and placed with the holder of the first mortgage on the land. We think it fairly inferable from the record that the contract was made with reference to this abstract. Short testified that Horn agreed, when he returned from a trip to California, to ask the loan company to forward the abstract to him for examination. This Horn denied, although he did make some effort to have the agent who had negotiated the loan secure it for him from Short. It is strenuously contended by counsel for appellants that, as the plaintiff, Richardson, has no greater rights than would Short if action had been commenced by him in equity for the specific performance of the contract, the failure on his part to furnish an abstract, as agreed, is a complete defense to plaintiff's cause of action.

It appears without dispute in the evidence that the lease for the year 1921 was duly assigned to Horn; that he subsequently re-leased the land; that he has continually remained in possession thereof, receiving the rents and profits therefrom. The original answer filed by appellants prayed the rescission and cancellation of the contract; but this plea was withdrawn, and, by an amendment filed later, reformation was asked instead. While appellants insist that Short is in default for the failure to furnish an abstract of title, the evidence really resolves itself into a controversy as to whether Short orally agreed to procure the abstract from the loan company, or Horn assumed the responsibility of trying to do so. We think it clear from the record that all parties had the existing abstract in mind, and that the contract did not contemplate that appellee would furnish a new one. It is true that appellant brought the deed into court, stating that it was subject to the wishes of appellees. This was not, however, sufficient, if appellants desired to rescind the transaction. Many cases are cited by appellants to sustain the familiar rule that specific performance of a contract cannot be had in favor of a vendor who is in default on his contract. Though it be granted that the appellee Richardson is in no better position than the vendor to ask specific performance, it is well settled by the decisions of this court that one purchasing real property on contract cannot enter into and

retain possession thereof, together with the income therefrom, and at the same time defeat recovery of the purchase price because of some defect in the title. If the appellee Short defaulted in the performance of his contract, appellant had a right of rescission, or to sue for damages; but he cannot have both remedies. *Hounchin v. Salyards,* 155 Iowa 608; *Kretzinger v. Emering,* 169 Iowa 59.

Appellants also take the position that the retention of possession of the property by them could be taken advantage of by appellee only by a plea of waiver or estoppel. That a plea to that effect would have been good in this case 

4. ESTOPPEL: non-necessity to plead.

cannot be questioned, but, under the holding of the cases cited, no such plea was required. Appellant could retain possession of the land only upon condition that he pay the purchase price. We deem it unnecessary to give further consideration to this question.

IV. A personal judgment was entered against the appellant Margaret A. Horn. This, we think, was error. No cause of action was stated in the petition against her, but, on the contrary, the purpose of making her a party was 

5. MORTGAGES: foreclosure: personal judgment: insufficient prayer.

therein stated to be to cut off her right of dower. Personal judgment was asked against Ira and Erma Short and Joe Horn. The prayer of the petition closed with a request for "other and further equitable relief." If Margaret A. Horn was liable at all, it was upon the assumption clause in the deed: that is, upon contract. If the plaintiff desired a personal judgment against her, it was incumbent upon him to plead and prove the ultimate facts necessary therefor. The general prayer for equitable relief was not sufficient on this point. A personal judgment, under the issues tendered by appellee, is not equitable relief, within the general prayer of the petition. *Rees, Gabriel & Co. v. Shepherdson,* 95 Iowa 431; *Bacon v. Illinois Cent. R. Co.,* 157 Iowa 493.

V. We come now to consider the prayer of the cross-petition for the reformation of the contract. There are numerous

insuperable obstacles in the way of granting this relief. In the first place, this court is not clothed with power to reform the $5,500 mortgage and change the date of its maturity from March 1, 1922, to March 1, 1926. If grounds for the reformation of the contract are shown, it would be necessary to insert a clause therein, showing that the mortgage matured, according to its terms, on March 1, 1922. This would. in no way affect the plaintiff's right to recover, nor would it operate as an abatement of the action. If appellee misrepresented the maturity of this mortgage, and appellant was damaged because of the fraud perpetrated upon him, his remedy is not for the reformation of the contract. To justify reformation, the grounds relied upon therefor must be established by clear and satisfactory testimony. *Schofield & Co. v. Blind,* 33 Iowa 175; *Prichard v. Hopkins,* 52 Iowa 120; *Dirkson v. Knox,* 71 Iowa 728; *Ley v. Metropolitan L. Ins. Co.,* 120 Iowa 203.

6. REFORMATION OF INSTRUMENTS: right in general: ineffectual reformation.

The scrivener who wrote the contract testified that it contained everything that either party asked to have inserted, and it was otherwise shown that appellant Joe Horn not only had opportunity to, but actually did, read the contract before it was signed. A memorandum which Horn claimed he made during the negotiations between himself and Short before the contract was written, recited that the mortgages matured March 1, 1925 and 1926, respectively, but that it was uncertain which matured on the later date. The evidence is by no means satisfactory or convincing that the maturity of the mortgages was omitted from the contract by inadvertence or mistake. Reformation of the contract was properly denied.

Other matters are discussed by counsel, but we deem it unnecessary to refer to them in detail. The judgment against Margaret A. Horn is reversed, but in all other respects the decree is affirmed.—*Reversed in part; affirmed in part.*

DE GRAFF, C. J., and FAVILLE, VERMILION, and ALBERT, JJ., concur.