FORT MADISON SAVINGS & LOAN,
An Iowa Corporation,
Plaintiff-Appellee,

v.

MARION COUNTY SAVINGS & LOAN,
An Iowa Corporation,
Defendant-Appellant.

No. 2–65224.

Court of Appeals of Iowa.

June 30, 1981.

William J. Lillis and Eugene E. Olson of Connolly, O'Malley, Lillis & Hansen, Des Moines, and James V. Hicks, Knoxville, for defendant-appellant.

Thomas T. Skewes and Michael M. Phelan of Johnson, Phelan & Skewes, Fort Madison, for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant, a savings and loan association, appeals from a money judgment rendered against it in an action brought by plaintiff, a savings and loan association. The action is at law and is founded on duties and responsibilities of defendant alleged to flow from a participation agreement in which both parties and other savings and loan associations loaned money for a motel operation in Newton, Iowa. Defendant was the so-called "lead lender" with the primary responsibility for administering the loan. The case was tried to the court and a judgment in the sum of $270,000 plus interest was awarded to plaintiff. Defendant, in seeking reversal of the judgment, asserts several claims of error. For reasons which are hereinafter set forth, we reverse the judgment of the trial court.

I. The theory upon which the trial court awarded damages to the plaintiff was one of rescission whereby the court released plaintiff from any obligations under its loan agreement and sought to return plaintiff to its original position by giving judgment for the unpaid balance of the money it had advanced under said agreement, plus interest. Defendant urges on appeal that rescission was an improper remedy.

Initially, defendant urges that the remedy of rescission was not available in an action tried at law. We note that rescission was specifically prayed for in one count of plaintiff's petition and that there was no motion by defendant under § 611.10, The Code, to transfer that count to equity. We therefore conclude that the issue was properly before the court for determination in the trial of this action. § 611.12, The Code.

As an alternative argument, defendant urges that assuming the issue was properly before the court in the law action, the facts do not warrant the granting of rescission. As to this contention, we agree. There are,

in fact, several reasons why rescission could not properly be ordered on the facts of the present case. These include the following:

■ A. Where several parties are involved in a transaction as jointly contracting parties, one of them alone cannot have rescission without having joined all of the others in the action or obtained their consent. This principle is succinctly stated at 3 Black, Rescission and Cancellation (2d ed. 1929); p. 1362:

> [W]here several persons are arrayed on the same side of a transaction—as joint contractors, joint purchasers, or joint vendors ... one of them alone cannot repudiate or terminate the contract, or obtain its rescission, without the consent or against the objections of the others. Thus one joint and several obligor cannot rescind an agreement whereby both are discharged from liability on the obligation, and thereby bind his co-obligor, if the latter does not consent to the rescission.

*See also Denker v. Twentieth Century-Fox Film Corp.*, 10 N.Y.2d 339, 340–41, 223 N.Y. S.2d 193, 194–195, 179 N.E.2d 336, 337–38 (1961); 17A C.J.S. Contracts § 389. Iowa has given some recognition to this principle in *Novak Equipment, Inc. v. Hartl*, 168 N.W.2d 924, 926 (Iowa 1969); *Richardson v. Short*, 201 Iowa 561, 207 N.W. 610 (1925). While the initial participation agreement signed by the plaintiff only involved the parties before the court, it is clear that by the time this action was commenced, it was a multi-party agreement involving all of the loan participants. We hold plaintiff is not entitled to rescission in an action involving only two of the several parties to the loan participation agreement.

■ B. At the time of the judgment of rescission, the plaintiff's unpaid loan balance has been satisfied as a result of the foreclosure of the mortgage securing the interest of all participants in the loan transaction. Plaintiff had consented in writing to this foreclosure. As a result, it acquired a joint ownership interest in the subject property. It never tendered or offered to tender this interest in seeking restoration of the status quo. Under these circumstances, we deem the judgment of rescission to be inappropriate.

■ C. Even under the findings of the trial court, which we do not completely accept, the extent of defendant's breach was not so substantial as to warrant rescission. As stated in 17 Am.Jur.2d, Contracts § 503 at 980:

> [W]here the contract has been largely carried into execution, and the engagements of the parties were to be performed in the future, and their performance was not made a condition, but rested merely in covenant, a breach of them lays the foundation of an action, but nothing more. (footnote omitted).

Plaintiff in the present action has an adequate remedy at law for any damages flowing from the alleged breach of contract. There was obviously some risk involved in this commercial transaction and the granting of rescission might well serve to place plaintiff in a better position than it would have been had defendant not been guilty of any breach of duty. For this reason, the remedy of rescission is inappropriate. The trial court erred in ordering rescission.

II. Because the trial court in this law action found the facts primarily in the context of whether certain allegations were sufficiently established to warrant the remedy of rescission, we are hesitant to review all of the factual issues as they may bear upon a claim for damages. This is more properly the function of the trial court upon remand. We do, however, consider certain of defendant's contentions that the trial court's findings were not supported by substantial evidence.

■ A. The trial court found that the plaintiff was misled into believing that the participants' mortgage was a first lien on the subject real estate. The evidence suggests that this is correct only to the extent that plaintiff was not aware of a prior lien of Jasper County Savings Bank, a nonparticipating lending institution, on fixtures, furniture, equipment, supplies, and all other motel properties which was not noted in the

final title opinion issued by the attorney representing the participants. We venture no opinion as to whether plaintiff, in participating in the loan, relied to its detriment upon a first lien on this personal property in addition to the first lien on the real estate. Whatever may have been the case in this regard, the record fails to support a finding that the failure to obtain a first lien on the personal property was in any way attributable to any breach of duty owed to plaintiff by defendant. Defendant was equally misled as to the existence of the prior lien on the personal property; it had undertaken no obligation to the other participants to insure them against such an occurrence. Its only obligation in this regard was to see that the documentation which was called for in the written agreement was provided. Such documentation, including a final title opinion, was provided to the participants. The trial court found that defendant breached a duty to plaintiff by not preserving a lien on personal property which defendant had previously held but allowed to lapse prior to the closing of the loan transaction and by failing to advise plaintiff of this occurrence. Such lien presumably had been prior to the lien of Jasper County Savings Bank. We find no evidentiary support in the present record for the contention that defendant owed any duty to plaintiff or any of the other participants to preserve this lien on personal property. This prior lien had expired before the time plaintiff advanced any funds in this transaction. There is no indication of any sort in the record that plaintiff relied in any way upon a continuation of this lien in advancing any funds or was even aware that such lien had existed. To the extent the trial court found a breach of duty from this aspect of the transaction, such finding is not supported by substantial evidence.

B. The trial court found defendant acted improperly in paying $10,000 toward delinquent property taxes from a debt service reserve account. Defendant claims such finding is not supported by substantial evidence. This finding is predicated upon the terms of the March 15, 1976, agreement of all participants establishing the debt service account. While the language of this agreement may have required consent of all parties to disbursements from this fund, any determination of damages flowing from the alleged failure to do so should take into account that the payment of these taxes served to protect and enhance security of all participants, including plaintiff.

C. The trial court found that defendant acted improperly in paying the sum of $130,297.77 in satisfaction of certain "cash flow" obligations of the motel operation. Evidence presented on this issue involved, in part, the testimony of expert witnesses called by plaintiffs. The testimony of these witnesses assumed that there was an inflexible agreement between the parties as to the amount of the loan funds to be paid on debts of the motel operation with the balance to be escrowed entirely for construction purposes. Unless this assumption is correct, the expert opinions are of no value in deciding this issue. Defendant on appeal argues that there never was any agreement so limiting the use of the loaned funds and that the record supports a determination that those funds not specifically earmarked to pay prior debts or needed for new construction could properly be advanced to the motel management for current operations. On remand, the trial court should make more precise findings on this factual dispute in order to determine whether the opinions of the expert witnesses were based upon valid assumptions.

III. Defendant has alleged the affirmative defenses of waiver and estoppel. The trial court made no findings with respect thereto. While we express no opinion as to the ultimate merit of these claims, these affirmative defenses have sufficient evidentiary support to warrant specific findings as to their validity upon remand.

IV. For purposes of further proceedings on remand, we conclude that the proper measure of damages to be applied is the extent, if any, to which defendant's breach of duty caused a reasonably foreseeable diminution of the return which plaintiff would have received from the transaction had such breach not occurred. In mak-

ing such determination, it must be assumed that plaintiff has received, in addition to other payments shown by the record, the value of the property interest it obtained on the sale of the security at execution.

V. The denial of defendant's counterclaim was inextricably linked with the order of rescission which we reverse. Defendant's right of recovery on the contractual claims alleged in said counterclaim must be reconsidered by the trial court on remand and specific findings made with respect thereto.

For the reasons previously stated, the judgment is reversed and the action is remanded to the trial court for further proceedings in accordance with this decision.

REVERSED AND REMANDED.