**CAPITOL SAVINGS & LOAN ASSOCIATION, an Iowa Corporation, f/k/a Fort Madison Savings & Loan Association, Plaintiff-Appellant,**

v.

**FIRST FINANCIAL SAVINGS & LOAN ASSOCIATION, an Iowa Corporation, f/k/a Marion County Savings & Loan Association, Defendant-Appellee.**

No. 84–299.

Court of Appeals of Iowa.

Dec. 26, 1984.

breach of a fiduciary duty and breach of a loan participation agreement.

On July 1, 1970, a loan was made by defendant Marion County Savings and Loan Association, now known as First Financial Savings and Loan Association, to Terrace Inn, Inc., which operated a motel and restaurant in Newton, Iowa. Additional loans were made to Terrace Inn between 1970 and 1975 which involved defendant and other savings and loan associations which entered into loan participation agreements with defendant.

In 1975 Terrace Inn sought a refinancing and construction loan from defendant to pay off some existing indebtedness and add fifty-one new rooms. Prior to 1975 plaintiff Fort Madison Savings and Loan Association, now known as Capitol Savings and Loan Association, had not participated in any loans to Terrace Inn. However, plaintiff had participated with defendant in a loan to the Imperial Inn in Boone, Iowa, a motel and restaurant operated by some of the same principals of Terrace Inn, Inc. Because of this connection defendant approached plaintiff and plaintiff agreed to participate in the Terrace Inn loan. Six other savings and loan associations participated with plaintiff and defendant. Plaintiff's share of the loan was $270,000 or fifteen percent. This was later reduced to 13.5 percent. Defendant's original share of seventeen percent was increased to 32.9 percent.

A preliminary title opinion was given by an attorney for defendant on July 25, 1975. It showed that an earlier Uniform Commercial Code financing statement filed in connection with the loan made by defendant in 1970 had recently lapsed. The preliminary title opinion revealed no liens or encumbrances, however, that could have adversely affected the security of the new loan.

On July 21, 1975, a closing was held on the Terrace Inn loan and a loan participation agreement was signed. Under the agreement defendant assumed the responsibilities of lead lender. On August 4, 1975, the attorney rendered a final title opinion stating that the new mortgage was the first lien on Terrace Inn. There was evi-

Thomas T. Skewes and Michael M. Phelan, Fort Madison, for plaintiff-appellant.

William J. Lillis and Eugene E. Olson of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for defendant-appellees.

Heard by SNELL, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff appeals from a judgment for defendant in an action seeking damages for

dence that defendant's president and the attorney discussed other possible liens at the closing but decided they were of no concern.

Several disbursements were made by defendant. A note to Iowa Des Moines National Bank for $202,753.02 was paid and a mortgage on the Imperial Inn to Jasper County Savings Bank was paid in the amount of $181,807.22. In addition, $130,-297.77 was disbursed to Terrace Inn for cash flow purposes and $38,533.80 was disbursed to purchase a computer.

In August, 1975, Imperial Inn paid $166,-074.68 to Terrace Inn evidently as partial repayment for paying off the Jasper County Savings Bank mortgage.

In the fall and winter of 1975 preparations were made for construction of the new rooms. The bids were higher than anticipated; the motel began experiencing financial difficulty and became delinquent in its loan payments.

On February 18, 1976, the loan participants met to discuss the deteriorating financial situation. It was also revealed that the Jasper County Savings Bank was claiming to have a security interest in personal property and fixtures of Terrace Inn superior to that of the loan participants. The loan participants decided to settle the claim rather than litigate it.

On March 15, 1976, the participants entered into an agreement paying $109,487.22 plus interest in settlement of the lien of Jasper County Savings Bank. The agreement abandoned the plans to build new rooms at Terrace Inn and created a debt service reserve in an attempt to allow Terrace Inn to stabilize its financial condition. However, in 1977 the participants agreed to foreclose the mortgage. The mortgagor abandoned the property. Following a sheriff's sale all participants became owners of Terrace Inn as tenants in common.

On June 2, 1978, plaintiff brought suit against defendant alleging fraud, breach of the loan participation agreement, and breach of a fiduciary duty. Defendant counterclaimed for expenses it incurred in maintaining the property. After a trial to the court, the trial court found that al-though there was no fraud, defendant had breached the loan participation agreement and a fiduciary duty. The court rescinded the loan participation agreement and ordered defendant to pay $233,117.05 plus accrued interest of $71,588.33.

On appeal this court reversed the decision of the trial court and remanded the case for further proceedings. *Fort Madison Savings and Loan v. Marion County Savings and Loan,* 310 N.W.2d 545 (Iowa 1981). This court held that rescission was not an applicable remedy. In reviewing the trial court's findings, we stated that the record failed to show that failure to obtain a first lien on the Terrace Inn property was attributable to any breach of duty by defendant. We also expressed an opinion that the testimony of expert witnesses to the effect that payment of $130,297.77 to Terrace Inn for cash flow was improper may have been based on incorrect assumptions and we directed the trial court on remand to make specific findings on this issue. We held that there was sufficient evidence on the affirmative defenses of waiver and estoppel for the trial court to consider them on remand. Finally, we stated that defendant's counterclaim should be considered by the trial court on remand.

The second trial was held before a different judge. The trial court found against plaintiff and in favor of defendant as to its counterclaim for actual damages. The court denied defendant's prayer for punitive damages. Judgment was entered against plaintiff in the amount of $80,-385.05 plus interest at the rate of ten percent per year from the date of entry of the decree.

On appeal plaintiff asserts: (1) some of the trial court's findings of fact are not supported by substantial evidence; (2) the trial court erred in not finding that defendant breached its fiduciary duty as a lead lender; (3) the trial court erred in not finding that plaintiff was induced to enter the loan participation agreement by fraud which warrants rescission; (4) the trial court erred in finding plaintiff's cause of action barred by the doctrines of estoppel and laches; and (5) the trial court erred in

finding in favor of the defendant on its counterclaim.

■ Our review of this action at law is on assigned error. Iowa R.App.P. 4. The findings of fact of the trial court have the effect of a special verdict. *Id.* These findings are binding upon this court if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1). Factual disputes depending heavily on the credibility of witnesses are best resolved by the trial court which has a better opportunity to evaluate credibility than do we.

I. *Trial Court Findings.* Plaintiff disputes several findings of fact of the trial court. These are considered below as they are relevant to other issues raised.

II. *Breach of Fiduciary Duty.* Plaintiff argues that the defendant as lead lender occupied the position of a fiduciary. *See Carondelet Savings & Loan Association v. Citizens Savings & Loan Association,* 604 F.2d 464, 468 (7th Cir.1979). Plaintiff cites several particulars which allegedly constitute material breaches of that duty.

■ First, plaintiff claims defendant negligently allowed its security interest in the personal property of Terrace Inn to lapse and at the time of the loan concealed the fact that Jasper County Savings Bank had a superior lien due to this negligence. We specifically addressed this issue in our prior opinion and held that the record failed to support a finding that the failure to obtain a first lien on the personal property was in any way attributable to any breach of duty owed to plaintiff by defendant. Unless the evidence presented at the second trial is materially different from the evidence produced at the first trial, our adjudication of this issue is the law of the case and will not be reconsidered at this time. *Sauer v. Scott,* 238 N.W.2d 339, 341–42 (Iowa 1976).

■ The evidence on this issue was substantially the same at both trials. Defendant undertook to secure the necessary documentation which was called for in the loan participation agreement. The preliminary title opinion which was forwarded to all participants noted the lapsed financing statement. This was not concealed by de-

fendant. As we said in our prior opinion, this lien had expired before the time plaintiff advanced any funds for the transaction and, therefore, defendant had no duty to plaintiff to preserve the lien. The final title opinion stated that the participants' lien was the first one on the property. The evidence supports a finding that defendant took all reasonable steps to ensure the mortgage of the participants was a first lien and was surprised by the claim of Jasper County Savings Bank.

■ Plaintiff also claims a breach of duty by defendant in disbursing $130,297.77 of the new loan funds to Terrace Inn for cash flow purposes without notifying plaintiff. Evidence presented on this issue involved, in part, the testimony of expert witnesses called by plaintiff. In our prior decision we noted that the testimony of these witnesses assumed there was an inflexible agreement between the parties as to the amount of the loan funds to be paid on debts of the motel operation with the balance to be escrowed entirely for construction purposes. We instructed the trial court on remand to make more precise findings on whether this assumption was valid or whether, as defendant claimed, those funds not specifically earmarked to pay prior debts or needed for new construction could properly be advanced to the motel management for current operations. The trial court on remand found that plaintiff, throughout the proceedings, had conveyed the impression that this was a construction loan only when it was clearly both a construction and refinancing loan. The court found that the hypothetical questions posed by plaintiff to several witnesses were of no probative value because they were based on the assumption that the loan was only for construction. Plaintiff challenges this finding. We hold that there is sufficient evidence in the record to support the trial court's finding. Although in each hypothetical question plaintiff referred to the fact that part of the loan was to pay off existing debts, before asking the hypothetical question plaintiff invariably called the witness's attention to the procedures involved in construction loans. Furthermore, questions asked of other witnesses indi-

cated plaintiff's understanding of this as a construction loan only. For example, counsel asked Mr. Richards, chairman of the board and president of plaintiff:

Q. Have you in all the construction loans that you and your association have handled ever given to the borrowers a figure for cash flow to be spent?

Similarly, plaintiff asked Mr. Oxley, president of First Federal Savings & Loan, on cross-examination:

Q. Would you agree that a cash flow expense of $130,000 is not what we would consider normal procedure in a construction contract [sic]?

More importantly, however, the hypothetical questions assume that $380,000 of the new loan was to be used to pay off existing debts and the rest was to be escrowed for construction. The trial court found, however, that only $500,000 of the loan was earmarked for the construction. Although this finding is challenged by plaintiff, we conclude it is supported by substantial evidence. Several of the loan participants testified that it was contemplated that $500,000 should be left in the account for construction. If $500,000 was designated for construction and $380,000 for existing debts, there is an obvious surplus of funds which must have been contemplated to be used for other purposes. Allowing the debtor funds for cash flow purposes in a refinancing situation is not unreasonable, or a breach of fiduciary duty under the facts of this case.

■ Third, plaintiff claims defendant breached its duty as lead lender by disbursing $38,533.80 of the loan funds to purchase a computer for the motel. The trial court found this was a proper expenditure since the computer was to aid in reservations and billings for the new rooms to be constructed. We agree that there was no breach of duty from this expenditure.

■ Finally, plaintiff alleges that the payment to Jasper County Savings Bank of $181,807.22 to pay off a mortgage of Imperial Inn and receiving $166,074.68 from Imperial instead of full repayment constitutes a breach of duty. There was evidence that the loans to Terrace Inn and Imperial Inn were interrelated with intermingled collateral and that it was necessary to pay off the Imperial Inn loan in order to free Terrace Inn from all of its other indebtedness. Furthermore, under the record in this case we cannot say that receiving less than full repayment was attributable to any breach of duty on the part of defendant.

Therefore, the trial court did not err in holding that defendant did not breach any duty owed to plaintiff.

■ III. *Fraud and Rescission.* Plaintiff argues it was induced to enter the loan participation agreement by fraud. Plaintiff relies upon many of the same complaints addressed above to support this allegation. We find, as did the trial court in the first trial, that there was no fraud. Furthermore, insofar as plaintiff argues that rescission is an appropriate remedy, since we adjudicated this issue in our prior opinion, we will not reconsider it now. *See Sauer v. Scott*, 238 N.W.2d 339, 341–42 (Iowa 1976).

IV. *Laches & Estoppel.* We do not consider whether the trial court erred in holding that plaintiff's claim is barred by the doctrines of laches and estoppel since we have concluded that the trial court was correct in denying plaintiff's claim for reasons stated above.

■ V. *Counterclaim.* Plaintiff asserts that defendant was not entitled to judgment on its counterclaim. We reject this claim. Plaintiff and defendant are now owners of the property as tenants in common. We find that defendant is entitled to contribution from plaintiff for plaintiff's pro rata share of expenses defendant incurred in maintaining and improving the property. *See Lovrien v. Fitzgerald*, 245 Iowa 1325, 1330–32, 66 N.W.2d 458, 462–63 (1954).

The decision of the trial court is affirmed in all respects.

AFFIRMED.