■ MARIA PETRU et al., Respondents, v. HERTZ CORP. et al., Defendants, and PETER CAWLEY, Appellant.— Judgment entered January 13, 1969, in favor of plaintiff after jury trial, unanimously reversed on the law and the facts, and order entered May 21, 1969, permitting amendment to trial transcript, similarly reversed on the law and the facts and a new trial directed, with costs and disbursements to abide the event. Although there may be, from the facts as gleaned from the record, a fair and open question of defendant's negligence, and although the errors in the conduct of the trial may not singly or isolatedly warrant another trial, the totality of errors herein is such as to have precluded a fair trial and to necessitate another, in the interests of justice. *Inter alia*, to cite but a few: (a) The court was in error when it withdrew from the jury the issue of the plaintiff's contributory negligence. (*Nelson* v. *Nygren*, 259 N. Y. 71, 76; see, also, *Burnell* v. *La Fountain*, 6 A D 2d 586, 590, 591.) (b) The court was most unclear in its handling of the statutes involved, and erred in permitting the attorney for defendant to read such rather than embodying the statutes in its charge or additional charge; the court also erred in passing on to the attorney and then to the jury the question of the pertinency of the statute. Clearly, an abdication of the judicial function. (c) The answers of the court to the jury's questions while deliberations were in progress, not only lacked clarity, they added to the jury's uncertainty. And finally, a Trial Judge may not add provisions to his charge long after the jury has rendered a verdict, specifically, when the matter added, six months after the trial's end, was refused at the trial. The purpose of a charge is the instant education of the jury, not the subsequent edification of the Appellate Division. Concur — Tilzer, McGivern and Steuer, JJ,; Capozzoli and Nunez, JJ., concur in the following memorandum: I concur in the reversal, but I dissent only insofar as the majority holds that the trial court erred in the manner in which it charged the jury on the issue of the plaintiff's contributory negligence. (*Meyer* v. *Brown–Harter Cadillac*, 32 A D 2d 1045.)