Carlos SAUER, Appellant,

v.

Thomas L. SCOTT, Appellee.

No. 2–56697.

Supreme Court of Iowa.

Jan. 21, 1976.

John D. Randall, Cedar Rapids, for appellant.

Shuttleworth & Ingersoll, by Wayne C. Collins, and Wadsworth Elderkin, Pirnie & VonLackum, by David M. Elderkin, Cedar Rapids, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves several problems which arose in the trial of an automobile accident case.

The parties tried the case three times. The operative facts of the case are set out in an opinion on an appeal from the first trial. *Sauer v. Scott,* 176 N.W.2d 140 (Iowa). We will recite only such additional facts as are necessary to understand the present issues.

Plaintiff Carlos Sauer and one Judy Reifenstahl were riding in a car driven by Sauer's drinking companion, defendant Thomas L. Scott. The car went into the ditch. Sauer sustained injuries; the parties disagree as to whether he sustained them from going into the ditch in the car or from jumping from the car when it was still on the road.

Sauer sued Scott on three grounds: (1) Sauer was not a "guest" and Scott was negligent (division I of petition), (2) Scott was reckless (division II), and (3) Scott was intoxicated (division III). See Code 1975, § 321.494. In the previous appeal this court held as a matter of law that Sauer was a guest. The court reversed for retrial of all issues.

On the first retrial, the jury could not agree. The parties then retried the case again, and the present trial court held as a matter of law that Sauer was a guest. The court submitted the other two grounds to the jury as well as Scott's defense of assumption of risk of recklessness and intoxication. The jury found for Scott. Sauer appealed.

I. *Sufficiency of Evidence on Guest Issue.* Sauer first asserts that the evidence at the third trial generated a jury issue on whether he went on the trip in question for the definite and tangible benefit of Scott—so that Sauer would not be a guest. See *Jackson v. Brown,* 164 N.W.2d 824 (Iowa). The trial court held otherwise and withdrew Sauer's first ground of liability from jury consideration.

The decision in the previous appeal constitutes the law of the case on the guest issue if the facts were substantially the same in the third trial. 5 Am.Jur.2d Appeal & Error § 744 at 188. The principle

is stated thus in 5B C.J.S. Appeal & Error § 1821, at p. 181:

> It may be stated as a rule of general application that, where the evidence on a second or succeeding appeal is substantially the same as that on the first or preceding appeal, all matters, questions, points, or issues adjudicated on the prior appeal are the law of the case on all subsequent appeals and will not be reconsidered or readjudicated therein.

See also *Schroedl v. McTague,* 169 N.W.2d 860, 863 (Iowa) ("It is the settled rule that the decision of this court upon a prior appeal becomes the law of the case and is to govern upon a subsequent trial thereof in the district court and upon another appeal unless the facts before the court upon subsequent trial are materially different from those appearing upon the prior trial."); *Reich v. Miller,* 260 Iowa 929, 151 N.W.2d 605. The question, therefore, is whether the facts on the third trial were substantially the same or materially different than on the first trial.

The facts on both trials were that Scott drove a drunken friend home in the friend's car from a tavern in Vinton, Iowa, and Sauer followed with Scott's car. Scott then drove his own car back to Vinton, with Sauer in it. Judy Reifenstahl joined them when they got back. The three thereafter noticed that the heat indicator light on Scott's car came on while the motor was idling.

At the prior trial, the witnesses testified that Scott thereupon "opened the hood and looked at the motor but did nothing to it. He closed the hood, got in the car and asked plaintiff to ride along with him to see if the car would quit heating up. Defendant, with Mrs. Reifenstahl and plaintiff as passengers, drove to the nearby town of Mt. Auburn." 176 N.W.2d at 142. The mishap occurred on the return trip. On such evidence this court held Sauer did not establish that Sauer accompanied Scott for Scott's definite and tangible benefit, as distin-guished from a friend socializing with a friend.

At the present trial, the foregoing evidence was the same but Sauer also testified, "I didn't think I should just run off and leave a friend with his car hot, somebody should be with him," and, "[W]ell, one of us could always be with the car in case something else—could have been anything wrong with it because when he had his hood up there was no possible way, I don't believe, that he could have saw if there was a hose broke or what that somebody could always be with him."

■ We hold as the trial court did that the evidence in the two trials was not *materially* different, and that the prior decision of this court therefore controls. The trial court did not err in withdrawing from the jury Sauer's first division based on negligence.

■ II. *Assumption of Risk; Proximate Cause.* Scott had answered Sauer's division I by averring as one of his defenses that Sauer was contributorily negligent in jumping from the car. This portion of the answer went out of the case with Sauer's division I.

In divisions II and III of the petition, Sauer alleged in separate paragraphs that Scott's recklessness (division II) and intoxication (division III) were proximate causes of Sauer's injuries. In his answer, Scott denied those allegations. Scott also averred in answer to divisions II and III that Sauer assumed the risk of Scott's recklessness and intoxication.

After the court withdrew Sauer's division I, Scott proceeded to introduce his defense evidence. He desired to show, among other things, that before the car went into the ditch Sauer opened the door and jumped out; that Sauer had said on a previous occasion he would not ride out an accident; that by jumping out, Sauer crushed two vertebrae and thereby sustained the injuries for which he seeks damages; and that

the car was not traveling at high speed, the other two individuals involved did not sustain serious injuries, and the car was not badly damaged. The trial court gave Sauer a standing objection to this line of inquiry but overruled the objection. Scott introduced the evidence.

In later argument, Scott's counsel argued this evidence to the jury. The argument is somewhat ambiguous; whether it is directed to assumption of risk or to proximate cause of the injuries is not altogether clear. In any event, Sauer's attorney did not object to the argument.

We have here two situations: propriety of Scott's *evidence* of Sauer's jumping, and propriety of Scott's *argument* on that subject.

As to propriety of the evidence, we incline to doubt that the jumping would constitute assumption of the risk of Scott's recklessness or intoxication. But the evidence of jumping was relevant on the issue of the proximate cause of Sauer's injuries. See Restatement, Torts 2d § 445, Illustration 2; 22 Am.Jur.2d Damages § 81 at 117; 25A C.J.S. Damages § 162(6) at 93–94. Hence the evidence of jumping was proper.

■ Had Scott's attorney argued the evidence of the jumping only on the issue of proximate cause of injury, the argument would likewise have been proper. But the argument probably dealt with assumption of risk as well. Sauer's problem here, however, is that he did not object to the argument either at the time or promptly at its conclusion. He thus waived any objection, as his standing objection to evidence of jumping was not broad enough to cover argument. See *Andrews v. Struble,* 178 N.W.2d 391 (Iowa).

Sauer claims that during the taking of exceptions to instructions, the trial court saved him an objection to argument, but that objection related to another matter and not to jumping.

We do not sustain this assigned error.

III. *Assumption of Risk.* In his next two assignments of error, Sauer asserts that Scott did not introduce substantial evidence of assumption of risk of recklessness. Sauer places primary reliance on *King v. Barrett,* 185 N.W.2d 210 (Iowa).

■ The evidence here is considerably different from the situation in the *King* case. We have reviewed the present record and conclude it contains substantial evidence from which the jury could find assumption of risk of recklessness.

■ Sauer also asserts that the trial court erred in Instruction 11 on assumption of risk. In substance the objection is that the court should have set out the elements of assumption of risk enumerated in *King.* We have reviewed Sauer's exceptions to Instruction 11, however, and conclude that they are not broad enough to cover his present contentions. See rule 196, Rules of Civil Procedure; *Pose v. Roosevelt Hotel Co.,* 208 N.W.2d 19 (Iowa).

We do not sustain these assignments of error.

IV. *Voir Dire; Arguments; Instructions.* Finally Sauer asserts that defense counsel prejudiced Sauer's case by improper acts and statements on voir dire and in argument, especially in light of the instructions.

The trial court permitted defense counsel during examination of the jury panel to read the guest statute aloud and to write the following on a blackboard: "I. Guest," "II. Reckless," and "III. Intoxicated." The court also permitted defense counsel on subsequent argument to cover the three words with paper and then to remove the paper from "reckless" and "intoxicated"— to indicate that they were the grounds left in the case. Then in stating the issues in its instructions, the court told the jury that it had ruled Sauer was a guest and they were not to decide his status. The court submitted recklessness and intoxication for jury consideration.

Two questions confront us: whether the court erred in what it permitted and whether the error prejudiced Sauer's case.

■■■ As to the first question, we see some correct and some incorrect acts. Sauer did indeed base his case on three grounds, and defense counsel were entitled at the proper time to state those grounds to the jury, using a blackboard as a visual aid if they chose in order to help the jury comprehend the issues. *State v. Blyth*, 226 N.W.2d 250, 252 (Iowa). Counsel had a right to cover over the three words and uncover the two which were left, as their method of making clear to the jury the bases which were left for jury determination. *Meglemry v. Bruner*, 344 S.W.2d 808 (Ky.); *Cross v. Robert E. Lamb, Inc.*, 60 N.J.Super. 53, 158 A.2d 359; *Haley v. Hockey*, 199 Misc. 512, 103 N.Y.S.2d 717; *Cincinnati St. Ry. v. Waterman*, 50 Ohio App. 380, 198 N.E. 494. The trial court had the right, indeed the duty, to tell the jury that the issue of Sauer's status was out of the case and to submit only the two issues—since so much had been previously said during the trial about Sauer's status in the car. Rule 196, R.C.P.

■■■ On the other hand, the court should not have permitted defense counsel to read the guest statute to the jury. The court determines the law, and statutes and other legal materials are to be handled by the court. *McGinnis v. Cosmopolitan National Bank & Trust Co.*, 114 Ill.App.2d 113, 252 N.E.2d 56; *Petru v. Hertz Corp.*, 33 A.D.2d 755, 305 N.Y.S.2d 828, second app. 36 A.D.2d 704, 319 N.Y.S.2d 199. Moreover, the court should not have permitted defense counsel to turn voir dire into an opening statement or argument; without making an opening statement or arguing the issues, counsel could on voir dire have ascertained by questions what experiences the jurors may have had with similar cases, what opinions they held, and other relevant information. See 50 C.J.S. Juries § 275 at 1043.

■■■ As to the other question—prejudice—our examination of the record persuades us that Sauer was not hurt. While defense counsel should not have read the guest statute, no one claims he read it incorrectly. Moreover, that whole matter became moot when the court took division I out of the case and so told the jury. And while defense counsel should not have used voir dire to begin arguing their defense, they presented nothing inaccurately. Basically Sauer complains because his case was in three divisions, defense counsel explained to the jury that Sauer's case was in three divisions, the court took one of the divisions from the jury, and counsel and the court so informed the jury. Counsel and the court only presented to the jury the true situation in the case at its various stages. Sauer's problem is with the situation as it actually was. The jury found that he was not entitled to recover, as the case actually stood at the conclusion of the evidence. We cannot see how Sauer was hurt by the acts of which he complains.

We find no reversible error.

Affirmed.