#23832, 23855, 24082-aff in pt, rev in pt & rem-DG
**2006 SD 83**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE ESTATE
OF HENRY SIEBRASSE,
Deceased,

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
POTTER COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JAMES W. ANDERSON
Judge
* * * *

KENNITH L. GOSCH and
MELISSA E. NEVILLE of
Bantz, Gosch & Cremer                    Attorneys for appellant
Aberdeen, South Dakota                   Delbert Siebrasse.

SARA L. LARSON,
JEFFREY G. HURD and
JOHN H. RAFORTH of
Bangs, McCullen, Butler, Foye & Simmons
Rapid City, South Dakota

CRAIG E. SMITH
Neumayr & Smith                          Attorneys for appellee
Gettysburg, South Dakota                 Estate and Donald Siebrasse.

* * * *

CONSIDERED ON BRIEFS
ON MAY 23, 2006

OPINION FILED 8/30/06

#23832, 23855, 24082

GILBERTSON, Chief Justice

[¶1.]        Delbert Siebrasse appeals contending the circuit court erred on remand in (1) denying his request for attorney's fees, expenses and disbursements; and (2) apportioning the federal estate tax and tax refund.  The Estate of Henry Siebrasse (Estate) has filed a notice of review contending the circuit court erred in awarding Delbert a prior interest amount on the basis of res judicata.

BACKGROUND

[¶2.]        This is the fourth appeal in this ongoing probate dispute.  In Estate of Siebrasse, 2004 SD 46, 678 NW2d 822 (hereinafter *Siebrasse III*), this Court addressed the division of a federal estate tax refund obtained as a result of Delbert's efforts.  The Internal Revenue Service (IRS) had refunded $75,525 in estate tax and $18,055.18 in interest as a result of Delbert's claimed over-valuation of real estate devised to him.  *Id.* ¶ 6.  In reversing the circuit court, this Court held that the refund amount was required to be "apportioned among all of the devisees of the Estate."  *Id.* ¶ 21.  In addition, we affirmed the denial of attorney's fees to Delbert because the circuit court's decision to give the entire refund to Delbert did not benefit the estate and, therefore, no award was justified on those facts.  *Id.* ¶ 27.  However, the circuit court was instructed to reconsider the issue of attorney's fees on remand in light of the holding that the refund must be apportioned among the beneficiaries, as the estate may benefit from such a result.  *Id.* ¶ 29.  Further, this Court held that the interest amount represented by the refund was available for equitable apportionment.  *Id.* ¶ 23.  The circuit court had equitably apportioned the entire interest amount to Delbert and that decision was affirmed.  *Id.* ¶ 24.

-1-

[¶3.]       Following our decision, Delbert remitted the $75,525 to the estate for apportionment.  No action was taken by Estate and Delbert filed a motion for apportionment in circuit court.  In the time between this Court's decision in *Siebrasse III,* and the motion for apportionment, the IRS was re-examining the refund previously obtained by Delbert.[1]   The circuit court found that the IRS denied Delbert's claim following the reexamination.  This was indicated by a revised schedule J.  That document shows that the IRS increased the value of the real estate by $147,888 to reflect the denial of the refund claim based on the over-valuation.  The revised schedule also reflects increased deductions for administrative expenses in the amount of $157,401 consisting of the estate's increased legal expenses.[2]

[¶4.]       Delbert's real estate valuation was found to be $317,200 on remand.  Utilizing that amount, the circuit court recalculated the apportionment of federal estate tax liability.  However, the circuit court concluded that its prior allocation of the interest refund to Delbert was res judicata based on this Court's holding in *Siebrasse III*.  In addition, because his claim was now considered rejected by the

---

1.    In *Siebrasse III*, this Court recognized that the estate had been contacted by the IRS and informed the "government intended to reexamine the refund." 2004 SD 46, ¶ 15, 678 NW2d at 826.

2.    Delbert has not presented sufficient evidence to establish that the circuit court's factual finding that the refund claim was denied is clearly erroneous. We also note that appeal No. 24082 was consolidated with this matter.  That appeal related to the circuit court's decision to supplement the record.  Our review of the record reveals that the disputed exhibit was in fact contained in the settled record and attached as an exhibit to Delbert's counsel's affidavit. SR 1221.  That exhibit further supports the circuit court's finding that the IRS denied Delbert's claim.  We consider the appeal challenging the decision to supplement the record moot.

IRS, the circuit court found Delbert provided no benefit to the estate by pursuing the matter and denied an award of attorney's fees or expenses.

[¶5.]        Delbert appeals raising the following issues:

> Whether the estate tax refund was of substantial benefit to the estate such that Delbert is entitled to attorney's fees, expenses and disbursements.

> Whether the circuit court incorrectly apportioned the federal estate tax and tax refund.

[¶6.]        By notice of review, Estate raises the following issue:

> Whether the circuit court erred in determining the prior award of interest to Delbert was res judicata.

ANALYSIS

ISSUE ONE

[¶7.]        **Whether the estate tax refund was of substantial benefit to the estate such that Delbert is entitled to attorney's fees, expenses and disbursements.**

[¶8.]        SDCL 29A-3-720 provides that a court may award "necessary expenses and disbursements, including reasonable attorney's fees, to any person who prosecuted or defended an action that resulted in a substantial benefit to the estate." This Court had previously utilized a two-prong test for entitlement to attorney's fees: "(1) the services rendered must be beneficial to the estate; and (2) the services must be necessary because of the negligence, fraud or failure to defend an interest of the estate by the personal representative of the estate." *Siebrasse III*, 2004 SD 46, ¶ 26, 678 NW2d at 829 (citing *In re* Hafferman, 442 NW2d 238 (SD 1989)). This was the test utilized by both the circuit court in addressing this issue and the parties briefing this matter. However, as recently explained in Wagner v. Brownlee, 2006 SD 38, ¶ 15, 713 NW2d 592, 597, SDCL 29A-3-720 abrogated this

two prong test in favor of a single prong test to determine an award of attorney's fees: "that the services result in a substantial benefit to the estate."

[¶9.]      This matter was initially remanded for reconsideration of attorney's fees in light of a tax refund obtained by Delbert.  Subsequently, the circuit court found the IRS had denied Delbert's refund claim, a claim that was of primary importance in deciding *Siebrasse III*.  The circuit court found that as a result of this denial Delbert ultimately provided no benefit to the estate.  In addition, because of this denial the circuit court found the personal representative did not act negligently as the IRS ultimately agreed with the personal representative's rejection of Delbert's appraisal.

[¶10.]      The circuit court's discussion of this second prong concerning whether the personal representative acted negligently in analyzing the request for attorney's fees was not an application of the correct legal standard.  *Wagner*, 2006 SD 38, ¶ 15, 713 NW2d at 597.  Nevertheless, any analysis of the second prong was superfluous.  The circuit court had already determined that Delbert's action provided no benefit to the estate.  This is supported by the fact that his claim for a reduced real estate valuation was denied by the IRS.  Consequently, Delbert was not entitled to an award of attorney's fees, expenses and disbursements pursuant to SDCL 29A-3-720.

[¶11.]      The circuit court's decision is affirmed.

ISSUE TWO

[¶12.]      **Whether the circuit court correctly apportioned the federal estate tax and tax refund.**

[¶13.]      "South Dakota adopted the Uniform Probate Code, including SDCL 29A-3-916(b), which continues to provide for equitable apportionment of federal

estate taxes so that each specific share, interest or legacy bears its proportionate part of the federal estate taxes." *Siebrasse III*, 2004 SD 46, ¶ 19, 678 NW2d at 827. That statute provides in relevant part:

> The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's will directs a method of apportionment of tax different from the method described in this code, the method described in the will controls.

SDCL 29A-3-916(b). In *Siebrasse III*, we reversed the circuit court's decision to grant the entire refund to Delbert so that amount could be divided in proportion to the federal estate tax liability as then reflected. 2004 SD 46, ¶ 24, 678 NW2d at 828. This holding was based on the specific language of SDCL 29A-3-916(b). *Id*. We are mindful that circumstances have changed in this case since that decision as reflected by the circuit court's findings of fact. The circuit court's decision to apportion the federal estate tax as reflected on the revised schedule was proper. This revised apportionment is consistent with both our rationale in *Siebrasse III* and SDCL 29A-3-916(b) as applied to the facts now presented. The decision of the circuit court is affirmed.

## ISSUE THREE

[¶14.] **Whether the circuit court erred in holding the prior award of interest to Delbert was res judicata.**

[¶15.] SDCL 29A-3-916(c)(2) allows a court to equitably apportion interest and penalties. After Delbert prosecuted and successfully obtained the tax refund the circuit court determined that equity demanded the entire amount of interest be awarded to him. This Court affirmed that decision in *Siebrasse III*, and remanded

on other issues. 2004 SD 46, ¶ 24, 678 NW2d at 828. The circuit court determined the interest amount awarded to Delbert was res judicata based on this previous decision. Estate contends that the circuit court's decision to leave the interest award to Delbert intact as res judicata was erroneous. Because the doctrine of res judicata does not apply in this situation, we reverse the circuit court and remand for a pro rata distribution of those amounts previously represented as an interest award.

[¶16.]        In analyzing this issue it is important for this Court to clarify the differences between res judicata and the related doctrine of "law of the case." *See e.g.*, Florida Dep't of Transp. v. Juliano, 801 So2d 101, 105-06 (Fla 2001) (discussing the distinction between these two related, but distinct, doctrines). "Res judicata bars an attempt to relitigate a prior determined cause of action by the parties, or one of the parties in privity, to a party in the earlier suit." Black Hills Jewelry Mfg Co. v. Felco Jewel Industries, Inc., 336 NW2d 153, 157 (SD 1983). Whereas, "[i]t is a general rule, long recognized in this state, that a question of law decided by the supreme court on a former appeal becomes the law of the case, in all its subsequent stages, and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same." Jordan v. O'Brien, 70 SD 393, 396, 18 NW2d 30, 31 (1945). The "law of the case" doctrine "is the weaker corollary of the doctrines of res judicata, collateral estoppel and stare decisis and is intended to prove some degree of certainty where those doctrines could not yet apply." Schaffer v. Honeywell, Inc., 249 NW2d 251, 260 (SD 1976) (*overruled on other grounds*); Western States Land & Cattle Co. v. Lexington Ins. Co., 459 NW2d 429, 435 (SD 1990). As we have observed:

> Although the principles of the law of the case doctrine and res judicata are similar, their application differs. The law of the case rule involves the effect of a previous ruling within one action on a similar issue of law raised subsequently within the *same* action. The rules of res judicata apply to previous rulings in an action on a similar determination in a *subsequent* action.

State v. Lowther, 434 NW2d 747, 752 n 7 (SD 1989). "Where successive appeals are taken in the same case there is no question of res judicata, because the same suit, and not a new and different one, is involved." *Florida Dep't of Transp.*, 801 So2d at 105. This is the situation in this case and, therefore, we analyze this issue under the "law of the case" doctrine to determine if the interest award should remain intact as the "law of the case."

[¶17.]    "The 'law of the case' doctrine is intended to afford a measure of finality to litigated issues. It is a rule of practice and procedure which for policy reasons provides that once an issue is litigated and decided it should remain settled for all subsequent stages of the litigation." *Western States Land & Cattle Co.,* 459 NW2d at 435. "The doctrine of the 'law of the case' is not a rigid rule, and will not be invoked on a second appeal if the prior decision is 'palpably erroneous' and if it 'is competent for the court to correct it on the second appeal.'" Estate of Jetter, 1999 SD 33, ¶ 21, 590 NW2d 254, 259. "The 'law of the case' does not rigidly bind a court to its former decisions, but is only addressed to its good sense." *Id.* In this regard, "[a] court may reopen a previously resolved question if the evidence on remand is substantially different or if a manifest injustice would otherwise result." *Id.* ¶ 27. *See also* Fandrich v. Wells County Board of County Commissioners, 618 NW2d 166, 174 (ND 2000); Grievance Administrator v. Lopatin, 612 NW2d 120, 134 (Mich 2000); Beeck v. Aquaslide 'N' Dive Corp., 350 NW2d 149, 154 (Iowa 1984); Sauer v.

Scott, 238 NW2d 339, 342 (Iowa 1976) (recognizing "law of the case" only applies when the evidence on the subsequent appeal is substantially the same as that on the preceding appeal).

[¶18.]       The existence of a tax refund and its accompanying interest award was a lynchpin underlying this Court's decision in *Siebrasse III*.  Given the substantial change of circumstances in this case as reflected by the circuit court's findings, the issue as then decided is only marginally related to the current appeal.  Logically, there can be no award of interest on a refund that now does not exist.  Any holding to the contrary would be inconsistent with our analysis under issues one and two and the circuit court's finding that the tax refund was ultimately denied by the IRS.  We hold that our prior decision is not binding as the "law of the case" in light of the substantial change of facts since our prior decision in this matter and remand for a pro rata apportionment of the amounts formerly represented as refund interest.

[¶19.]       Affirmed in part, reversed in part and remanded.

[¶20.]       KONENKAMP, Justice and ZINTER, Justice, concur.

[¶21.]       MEIERHENRY, Justice, concurs in part and dissents in part.

[¶22.]       SABERS, Justice, dissents.

MEIERHENRY, Justice (concurring in part and dissent in part).

[¶23.]       I would affirm the trial court on all issues.  I agree with the dissent's observation that too much has been written on this case already.  Consequently, our prior affirmance of the equitable distribution of interest to Delbert should not be relitigated.

SABERS, Justice (dissenting).

[¶24.] I would affirm the circuit court's award of interest to Delbert because the decision was res judicata as the circuit court determined, or controlled by the doctrine of the "law of the case." As stated in the majority opinion:

> The "law of the case" doctrine is intended to afford a measure of finality to litigated issues. It is a rule of practice and procedure which for policy reasons provides that once an issue is litigated and decided it should remain settled for all subsequent states of the litigation.

*Western States Land & Cattle Co.*, 459 NW2d at 435.

[¶25.] I would order the apportionment of the refund of $75,525 which resulted from the over valuation of Delbert's land as affirmed in *Siebrasse III*. I would reject the after the fact revaluation based on the "increased deductions" for legal fees and administrative expenses allegedly incurred by the estate in fighting the correct valuation, which was sound.

[¶26.] I would reverse the circuit court's denial of attorney's fees, disbursements and expenses to Delbert because Delbert's efforts clearly benefited the estate and without his efforts, the estate would have obtained no relief.

[¶27.] Further, I would do this by order as too much has already been written on this case.