# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF LONGVIEW POLICE DEPARTMENT, | No. 54704-0-II |
| Respondent, | |
| v. | |
| SIDNEY A. POTTS, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Sidney A. Potts appeals the superior court's order denying his motion to vacate an administrative forfeiture action, which forfeited his property, cash, and financial accounts. Potts argues that the superior court erred by declining to address his claims that: (1) he had inadequate notice of the forfeiture hearing; (2) the City of Longview (the City) lacked probable cause to seize vehicles located at Potts Family Motors; (3) the City failed to observe statutory procedure by neglecting to hold a forfeiture hearing for Potts Family Motors, Inc.; and (4) the City seized his financial accounts in a manner inconsistent with the forfeiture statute.

We hold that Potts's notice challenge fails because the record demonstrates that he had received the 7-day prior notice of the forfeiture hearing. We hold that the superior court did not err in declining to address Potts's claim that the City lacked probable cause to seize vehicles located at Potts Family Motors and that the City failed to hold a forfeiture hearing for Potts Family Motors, Inc. We decline to address Potts's claim related to the Fibre Federal bank accounts and Red Canoe Credit Union account based on his failure to provide an adequate record for review.

Accordingly, we affirm the superior court's order, which denied Potts's motion to vacate his administrative forfeiture action.

FACTS

I.    BACKGROUND—POTTS'S CRIMINAL CASE[1]

In July 2012, police conducted several controlled buys with Potts. On August 10, 2012, the City applied for a search warrant for three properties connected to Potts: Potts Family Motors, Potts's second car dealership, and Potts's home.[2] However, the actual warrant only listed Potts Family Motors in the finding of probable cause. Despite this, the City searched all three properties, and under RCW 69.50.505, seized tools, vehicles, cash, and financial accounts.

Potts was arrested on August 10, 2012. On August 15, the State charged Potts with leading organized crime, several violations of the Uniform Controlled Substances Act (UCSA) relating to distribution and money laundering. The State also filed aggravating factors, alleging that the current offense was a major violation of the UCSA for criminal profiteering.

Potts filed a motion to suppress evidence of his Red Canoe Credit Union records, which was heard on May 14, 2013. At the suppression hearing, the trial court noted that law enforcement may obtain financial records through a warrant or a subpoena under Washington case law. However, the trial court also noted that, under federal case law, financial records may only be obtained through a warrant. Here, the Red Canoe records were obtained through a subpoena. Thus, "in an excess of caution," and not because the seizure was unlawful, the trial court followed

---

[1] The facts pertaining to Potts's criminal case are taken in part from this court's decision in his direct appeal, which was not included in the clerk's papers for this case. *State v. Potts*, No. 45724-5-II (Wash. Ct. App. July 6, 2016), http://www.courts.wa.gov/opinions/.

[2] The search warrants were for three addresses in Longview, Washington: 411 Oregon Way (Potts Family Motors); 1275 Alabama Street (Potts's second dealership); and 2839 Louisiana Street (Potts's home).

federal precedent and granted Potts's motion to suppress the Red Canoe records. Clerk's Papers (CP) at 208.

Potts also moved for the return of his property. The trial court denied Potts's motion.

Potts was convicted of all the remaining counts and aggravators. Potts appealed his convictions. Potts also challenged in a statement of additional grounds the trial court's denial of his motion for the return of property, which included his Red Canoe account.

On July 6, 2016, we affirmed Potts's convictions, but held that the search warrant only authorized a search for the property connected with Potts Family Motors. We also held that "because Potts will not be retried and because we conclude above that the search warrant for Potts's home [2839 Louisiana Street] was invalid, we conclude the property seized from Potts's home should be returned to its rightful owner(s)."[3] *State v. Potts*, No. 45724-5-II, slip op. at 51 (Wash. Ct. App. July 6, 2016), http://www.courts.wa.gov/opinions/.

With regard to Potts's assertion that the Red Canoe account was illegally seized and not returned, we disagreed, stating that "[t]he trial court ruled that, for reasons other than what Potts argued, it was granting the motion to suppress and granting return of the account." *Potts*, No. 45724-5-II, slip op. at 51. "However, the trial court stated it understood there was a parallel forfeiture proceeding and specified that its ruling did not free the accounts from this proceeding." *Potts*, No. 45724-5-II, slip op. at 51. Because there was a pending forfeiture proceeding, we concluded that the trial court did not err by authorizing the return of Potts's property pending the forfeiture proceeding.

---

[3] The opinion is silent as to whether the property from Potts's second dealership, located at 1275 Alabama Street, should be returned to the rightful owner.

II.     POTTS'S CIVIL FORFEITURE CASE

A.      Civil Forfeiture Hearing

On August 10 and 22, 2012, the City served "Notice[s] of Seizure and Intended Forfeiture" on Potts relating to the property seized from Potts Family Motors, the second dealership, and his home.  CP at 305.  On August 30, Potts sent a notification of ownership and request for hearing to the City relating to the seizures, listing 29 vehicles, cash, funds from various financial accounts, and various tools.  Relevant here, the financial accounts at issue are two Fibre Federal bank accounts and a Red Canoe Credit Union account.

The record does not contain any notices of the forfeiture hearing regarding the seized property with the exception of a notice from April 2013.  However, the record demonstrates that the hearing was rescheduled several times at Potts's request because of his concurrent criminal trial.

On December 19, 2013, a civil forfeiture hearing was held regarding the seized property discussed above.  At the forfeiture hearing, Potts acknowledged that he had received prior notice of the hearing:

> MR. POTTS: Okay.  I guess that—we would ask for a couple of days to provide this hearing with proof of Potts Family Motors—
> HEARING EXAMINER LANGLOIS: The hearing was today, sir.  You were advised well in advance, and you knew this was coming.
> MR. POTTS: Well, I wasn't advised that far in advance, and I was in jail so—
> HEARING EXAMINER LANGLOIS: *You were advised by law a seven-day notice*, and you knew that—these items were seized, sir, months ago, and you knew this.
> MR. POTTS: *Yes, sir*.
> HEARING EXAMINER LANGLOIS: So you—and by your records and note-taking, I can see that you've done a lot of legal research on this topic, so I fail to believe that you were unprepared today to come to this hearing.

4

CP at 359 (emphasis added). The record does not reflect that Potts raised the issue of inadequate notice at the administrative hearing.

At the hearing, Potts presented a demand letter from Potts Family Motors, Inc. to the hearing examiner. Based on the demand letter, Potts contended that Potts Family Motors, Inc. is entitled to a forfeiture hearing regarding the vehicles that were seized from its property. In relevant part, the demand letter stated:

> I, Thomas Potts, President of Potts Family Motors Inc. Now appear before This Hearing Demanding Return of all Property Seized from Potts Family Motors Inc. in August 2012[.]
> Potts makes this demand in view on the The Longview Police Department, failure to notify Potts Family Motors Inc., pursuant to RCW 69.50.505(3) Return of all Property may be accomplished by contacting Attorney Michael [L]ong, of Longview, WA. Registered agent for Potts Family Motors Inc.

CP at 295. The demand letter does not state whether Potts Family Motors, Inc. owns or has a possessory interest in the vehicles that were seized from its sales lot.

On January 29, 2014, the hearing examiner entered findings of fact and conclusions of law, and ordered the property forfeited to the City.[4] With respect to notice, the hearing examiner found that "[Potts] was advised of the date, time, and location of [the forfeiture hearing] in writing." CP at 306.

With respect to Potts's Fibre Federal and Red Canoe accounts, the hearing examiner found that they were "seized pursuant to RCW 69.50.505 on behalf of the Longview Police Department." CP at 305. The January 2014 order is silent as to the procedure in which the financial accounts were seized under RCW 69.50.505(2). The hearing examiner further found that "[Potts] used all the bank accounts listed above in the property list to pay for items to run the Potts Family Motors business." CP at 304.

---

[4] The order was served on Potts on February 18, 2014.

The hearing examiner further concluded that the seized property at issue was obtained in the commission of a felony relating to the sale or delivery of illegal controlled substances. Accordingly, the hearing examiner ordered that all of the contested property was subject to forfeiture.

B.      Events Leading to the First Appeal[5]

Potts timely filed a notice of appeal in superior court seeking review of the forfeiture order. The City moved to dismiss Potts's notice of appeal under CR 12(b)(1)(5), claiming that it had been untimely served. The superior court granted the motion and dismissed Potts's appeal.

Potts appealed the superior court's dismissal of his appeal. On appeal, the City withdrew its argument that it was not timely served with the notice of appeal. Rather, the City argued for the first time that the appeal before the superior court was properly dismissed because Potts failed to comply with the requirements of RCW 34.05.546.

We treated the City's withdrawal of its untimely service argument as a concession that the superior court erred in dismissing Potts's appeal, held that the superior court improperly dismissed Potts's appeal, and remanded the case to the superior court. We did not address the City's RCW 34.05.546 argument, but expressly stated that "[o]n remand, the City is free to argue that Potts's notice of appeal did not comply with RCW 34.05.546." *City of Longview Police Dep't v. Potts*, No. 46574-4-II, slip op. at 4 (Wash. Ct. App. July 14, 2015), http://www.courts.wa.gov/opinions/pdf/D2%2046574-4-II%20Unpublished%20Opinion.pdf.

---

[5] The facts pertinent to the first civil forfeiture appeal are taken from this court's opinion in *City of Longview Police Dep't v. Potts*, No. 46574-4-II (Wash. Ct. App. July 14, 2015), http://www.courts.wa.gov/opinions/pdf/D2%2046574-4-II%20Unpublished%20Opinion.pdf.

6

C.    Events Leading to the Second Appeal[6]

On remand, Potts filed a supplemental notice of appeal.  The supplemental notice contained additional facts to demonstrate that the seizure of property from Potts's home and second dealership were done without probable cause, additional reasons for believing relief should be granted (that the seizure was unlawful), and another request for return of the unlawfully seized property.  The City responded by filing a motion to dismiss the appeal, arguing that Potts failed to comply with RCW 34.05.546.

The superior court granted the City's motion to dismiss Potts's appeal pursuant to RCW 34.05.546.  Potts appealed.

On appeal, Potts argued that his supplemental notice of appeal cured any noncompliance with RCW 34.05.546.  We agreed and reversed the superior court's order dismissing Potts's appeal pursuant to RCW 34.05.546.

Potts also argued that our holding in his criminal case controlled the outcome of his civil forfeiture action.  As discussed above, "[we] held in Potts's criminal appeal that the search warrant used by the City to search Potts's home and his second dealership, and seize property from those properties, was invalid."  *City of Longview Police Dep't v. Potts*, No. 48410-2-II, slip op. at 12 (Wash. Ct. App. Dec. 27, 2017), http://www.courts.wa.gov/opinions/pdf/D2%2048410- 2-II%20Unpublished%20Opinion.pdf.

Based on our holding in Potts's criminal appeal, we held that "the forfeiture order relating to the property seized from Potts's home and his second dealership was void and vacate[d] those portions of the order."  *Potts*, No. 48410-2-II, slip op. at 13.  Accordingly, "we reverse[d] the

---

[6] The facts pertinent to the second civil forfeiture appeal are taken from this court's opinion in *City of Longview Police Dep't v. Potts*, No. 48410-2-II (Wash. Ct. App. Dec. 27, 2017), http://www.courts.wa.gov/opinions/pdf/D2%2048410- 2-II%20Unpublished%20Opinion.pdf.

superior court's order dismissing Potts's appeal of the administrative action forfeiting Potts's property, cash, and bank accounts and remand[ed] for further proceedings." *Potts*, No. 48410-2-II, slip op. at 15.

III.    REMAND PROCEEDINGS

On August 12, 2019, Potts filed a motion for decision on the merits regarding his supplemental notice of appeal. Potts argued that the hearing examiner lacked statutory authority to issue the January 2014 order of forfeiture because the City failed to hold an administrative hearing for Potts Family Motors, Inc. within 90 days of its demand letter. Potts also argued that the hearing examiner lacked statutory authority to issue the January 2014 order of forfeiture because the City lacked probable cause to seize vehicles located at Potts Family Motors. Potts further argued that the hearing examiner lacked statutory authority to issue the January 2014 order of forfeiture because the City unlawfully seized his Red Canoe and Fibre Federal accounts.

The superior court held a hearing on Potts's motion on January 16, 2020. At the hearing, Potts moved to vacate the January 2014 order of forfeiture on different grounds than those raised in his motion for decision on the merits. Specifically, for the first time, Potts argued that the City failed to provide him with a seven-day prior notice of the December 2013 forfeiture hearing, as required by the Washington Administrative Procedure Act (APA).

The superior court concluded that Potts waived the seven-day notice issue, and therefore, denied his motion to vacate the forfeiture order. With respect to Potts's motion for decision on the merits, the superior court concluded that "the search warrant authorized a search for the property connected with Potts Family Motors" based on our previous opinions and declined to further address whether there was probable cause to seize the vehicles at issue. CP at 422. The superior court declined to address Potts's argument relating to the City's failure to hold a forfeiture hearing

8

for Potts Family Motors. As far as the financial accounts were concerned, the superior court concluded that Potts waived his argument that "the hearing officer[] erred or lacked authority in forfeiting bank accounts," and did not address the issue. CP at 422. Accordingly, the superior court denied Potts's motions to vacate the January 2014 order. Potts appeals.

ANALYSIS

I.     STANDARD OF REVIEW

The APA governs our review of administrative decisions in forfeiture proceedings. RCW 69.50.505(5); *City of Sunnyside v. Gonzalez*, 188 Wn.2d 600, 607-08, 398 P.3d 1078 (2017). We review the hearing examiner's decision, not the superior court's decision. *Gonzalez*, 188 Wn.2d at 608.

Under the APA, we may grant relief from the hearing examiner's order based on one of nine reasons listed in RCW 34.05.570(3). Grounds for relief include that the order is in violation of constitutional provisions and that the agency failed to follow a prescribed procedure. RCW 34.05.570(3)(a), (c). The person challenging the order has the burden of demonstrating the invalidity of that decision. RCW 34.05.570(1)(a). In addition, the challenging person is entitled to relief only if the order has substantially prejudiced that person. RCW 34.05.570(1)(d).

We may grant relief from an agency order in an adjudicative proceeding for a violation of due process under RCW 34.05.570(3)(c) where "[t]he agency has engaged in unlawful procedure or decision-making process." We review constitutional questions and an agency's application of the law de novo. *See Cornelius v. Dep't of Ecology*, 182 Wn.2d 574, 585, 344 P.3d 199 (2015).

II.     ADEQUACY OF NOTICE

Potts argues that the City violated his right to due process because the City failed to provide a seven-day prior notice of the December 2013 forfeiture hearing, which is required by RCW

9

34.05.434(1). The City argues that we should decline to address Potts's notice challenge under RAP 2.5(a)[7] because Potts raises the issue for the first time on appeal. Potts fails to show that he did not received notice.

RCW 69.50.505, part of the UCSA, "provides for forfeiture of property that is connected to an intended or completed controlled substances violation." *Gonzalez*, 188 Wn.2d at 608. "Forfeiture is intended to deter and penalize drug-related crimes by targeting the profits generated by the commercial production and distribution of controlled substances." *Id.*

The authority to order forfeiture is statutory and must comply with proper forfeiture procedure. *City of Walla Walla v. $401,333.44*, 164 Wn. App. 236, 246, 262 P.3d 1239 (2011). Property subject to forfeiture may be seized by any law enforcement officer with or without process. RCW 69.50.505(2). Within 15 days of the seizure, the seizing agency must provide notice to any known interested persons. RCW 69.50.505(3). A person claiming an interest in seized personal property must notify the seizing agency within 45 days. RCW 69.50.505(5).

A person filing timely notice "shall be afforded a reasonable opportunity to be heard as to the claim or right," which satisfies due process. RCW 69.50.505(5). RCW 69.50.505(5) provides that "[a] hearing before the seizing agency and any appeal therefrom shall be under Title 34 RCW," which refers to the APA. Relevant here, the APA requires the seizing agency to "set the time and place of the hearing and give not less than seven days advance written notice to all parties and to all persons who have filed written petitions to intervene in the matter." RCW 34.05.434(1).

---

[7] Under RAP 2.5(a), we may decline to review any claim of error which was not raised before the hearing examiner. *City of Seattle v. 2009 Cadillac CTS*, 2 Wn. App. 2d 44, 53, 409 P.3d 1121 (2017).

Here, Potts's challenge fails. At the December 2013 forfeiture hearing, Potts acknowledged that he had received the required seven-day notice of hearing under RCW 34.05.434(1):

> HEARING EXAMINER LANGLOIS: The hearing was today, sir. You were advised well in advance, and you knew this was coming.
> MR. POTTS: Well, I wasn't advised that far in advance, and I was in jail so—
> HEARING EXAMINER LANGLOIS: *You were advised by law a seven-day notice*, and you knew that—these items were seized, sir, months ago, and you knew this.
> MR. POTTS: *Yes, sir.*

CP at 359 (emphasis added). Because the exchange above demonstrates that Potts had received the seven-day notice of hearing required by RCW 34.05.434(1), we hold that Potts received adequate notice. Accordingly, Potts's argument fails.

III. PROBABLE CAUSE TO SEIZE VEHICLES FROM POTTS FAMILY MOTORS

Potts argues that the superior court erred in declining to address his argument that the City lacked probable cause to seize the vehicles located at Potts Family Motors, which would render that portion of the forfeiture order void. We disagree.

A. Legal Principles—Civil Forfeiture Statute

We review final agency orders under the APA, "stand[ing] in the shoes of the superior court." *Musselman v. Dep't of Soc. & Health Servs.*, 132 Wn. App. 841, 846, 134 P.3d 248 (2006). When a trial court lacks the authority to enter an order, the order is void. *Servatron, Inc. v. Intelligent Wireless Prods., Inc.*, 186 Wn. App. 666, 679, 346 P.3d 831 (2015). We review de novo whether a judgment is void. *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 195, 312 P.3d 976 (2013).

Under RCW 69.50.505(1)(d), any vehicles used, or intended to be used, to facilitate the sale, delivery, or receipt of any controlled substance under the chapter are subject to forfeiture.

11

And "all tangible or intangible personal property, proceeds, or assets acquired in whole or in part with proceeds traceable to an exchange or series of exchanges in violation of [ch. 69.50 RCW]" is also subject to forfeiture. RCW 69.50.505(1)(g).

As discussed above, the authority to order forfeiture is statutory and must comply with proper forfeiture procedure. *$401,333.44*, 164 Wn. App. at 246. Under RCW 69.50.505(2)(a), property subject to forfeiture may be seized by any law enforcement officer without process if the seizure is incident to a lawful search warrant.

B.      Legal Principles—The Law of the Case Doctrine[8]

The law of the case doctrine applies to successive proceedings in the same case. *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 55-56, 366 P.3d 1246 (2015). Specifically, the doctrine "stands for the general rule that 'a question of law decided by the [appellate] court on a former appeal becomes the law of the case, in all its subsequent stages, and will not ordinarily be considered or reversed on a second appeal when the facts and the questions of law presented are substantially the same.'" *Id.* at 54 (quoting *In re Estate of Siebrasse*, 2006 S.D. 83, 722 N.W.2d 86, 90 (2006)).

Three main principles arise from the law of the case doctrine: (1) a trial court ruling maintains binding force during later stages of the trial, (2) an appellate court ruling carries conclusive effects at trial on remand, and (3) an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal. *Lodis*, 192 Wn. App. at 56. The law of the case doctrine, depending on the situation, can be mandatory or discretionary. *Id*. at 57.

---

[8] Neither party addresses the law of the case doctrine in their briefing. However, the doctrine is applicable here to dispense with Potts's probable cause argument because it was litigated and previously decided.

The remand rule forbids a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case. *Id*. at 56. In other words, a trial court does not have the discretion to disregard or contradict a holding of the appellate court. *Id*. at 57.

C.     The Law of the Case Doctrine Applies

Here, the law of the case doctrine applies because Potts seeks to relitigate the issue of probable cause with respect to the search warrant for Potts Family Motors. Potts had already argued that the forfeiture order was void because the property at issue was seized pursuant to an invalid warrant in his second civil forfeiture appeal. And in that second civil forfeiture appeal, we applied collateral estoppel and found the parties were precluded from challenging the probable cause determinations in the criminal appeal opinion. That decision is binding on us under law of the case doctrine. *Id*. at 56. Specifically, we held that, based on our decision in Potts's criminal case, the warrant authorized a search of Potts Family Motors, but not of his residence or the second dealership because the probable cause finding only listed Potts Family Motors. Accordingly, we held that "the forfeiture order relating to the property seized from Potts's home and his second dealership was void and vacate[d] those portions of the order." *Potts*, No. 48410-2-II, slip op. at 13. But, Potts's challenge to the search and resulting seizure at Potts Family Motors was unsuccessful on the merits.

On remand, the superior court declined to address Potts's probable cause argument based on our opinion in *Potts*, No. 48410-2-II, slip op. at 10-13. Because the law of the case doctrine prohibits Potts from relitigating issues already decided by the appellate court in the same case, and because the superior court did not have the discretion to reconsider issues already decided, the issue of probable cause to search Potts Family Motors property was not an issue that could be re-

addressed on remand. *Lodis*, Wn. App. at 57-58. Therefore, we hold that the superior court did not err in declining Potts's invitation to relitigate the probable cause issue. Accordingly, Potts's argument fails.

IV.     POTTS FAMILY MOTORS DEMAND LETTER

Potts argues that the hearing examiner lacked the statutory authority to issue the forfeiture order because no forfeiture hearing was held for Potts Family Motors, Inc. to determine the ownership of the vehicles seized from its property. The City contends that Potts lacks standing to assert any alleged violation of Potts Family Motors, Inc.'s right to a hearing. We agree with the City.

A.      Legal Principles

Standing is a threshold legal question that we review de novo. *In re Estate of Becker*, 177 Wn.2d 242, 246, 298 P.3d 720 (2013). The petitioner bears the burden of establishing standing. *KS Tacoma Holdings, LLC v. Shorelines Hr'gs Bd.*, 166 Wn. App. 117, 127, 272 P.3d 876 (2012).

Judicial review of an agency action is governed by the APA. *Patterson v. Segale*, 171 Wn. App. 251, 257-58, 289 P.3d 657 (2012). A party has standing to obtain judicial review of an agency action if that person is aggrieved or adversely affected by the agency action. RCW 34.05.530. A party is aggrieved or adversely affected when three conditions are present:

> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530. All three requirements must be established for a person to have standing. *See Allan v. Univ. of Wash.*, 140 Wn.2d 323, 326, 997 P.2d 360 (2000).

Relevant here, the first and third requirements of this standing test are collectively referred to as the "'injury-in-fact' test." *Patterson*, 171 Wn. App. at 258 (quoting *Allan*, 140 Wn.2d at 327). The "injury-in-fact" element requires the petitioner to show that the agency decision caused some specific and perceptible harm. *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d 75, 86, 469 P.3d 364 (2020), *review denied*, 196 Wn.2d 1033 (2021). In other words, there must be an invasion of a legally protected interest. *Snohomish County Pub. Transp. Benefit Area v. Pub. Emp't Relations Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803 (2013).

As discussed above, the authority to order forfeiture is statutory and must comply with proper forfeiture procedure. *$401,333.44*, 164 Wn. App. at 246. Property subject to forfeiture may be seized by any law enforcement officer with or without process. RCW 69.50.505(2). Within 15 days of the seizure, the seizing agency must provide notice to "the owner of the property seized and the person in charge thereof and any person having any known right or interest therein." RCW 69.50.505(3). A person claiming an interest in seized personal property must notify the seizing agency in writing within 45 days. RCW 69.50.505(5). The forfeiture statute further provides that,

> *If any person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession* of items specified in subsection (1)(b), (c), (d), (e), (f), (g), or (h) of this section within forty-five days of the service of notice from the seizing agency in the case of personal property and ninety days in the case of real property, *the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right*.

RCW 60.50.505(5) (emphasis added).

In *Tellevik v. 31641 West Rutherford Street*, the Supreme Court held that the forfeiture statute requires a full adversarial hearing with judicial review if the claimant notifies the seizing agency in writing of its claim of ownership or interest. 125 Wn.2d 364, 371-72, 884 P.2d 1319

15

(1994). If the seizing agency fails to provide a hearing after a claimant's claim of ownership or interest, then dismissal of the forfeiture action is appropriate. *Id*. at 374.

B.     Potts Has Not Demonstrated Standing

Here, Potts contends that the City failed to provide Potts Family Motors, Inc. with an adversarial hearing within 90 days of its claim of ownership, and therefore, dismissal of the forfeiture proceeding is proper. However, Potts fails to demonstrate how the City's failure to hold an adversarial hearing for Potts Family Motors, Inc. has caused him specific or perceptible harm, especially where he claimed ownership over the vehicles at issue. *Freedom Found.*, 14 Wn. App. 2d at 86. In fact, Potts fails to demonstrate any of the elements of standing to warrant consideration of his argument on behalf of Potts Family Motors, Inc.

When an appellant fails to provide argument or authority, "[w]e are not required to construct an argument on behalf of appellants." *State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002). Because Potts fails to carry his burden in demonstrating the elements of standing, we decline to address his assignment of error based on the City's failure to hold a forfeiture hearing for Potts Family Motors, Inc. *KS Tacoma Holdings*, 166 Wn. App. at 127.

Regardless, even if Potts had standing, Potts Family Motors, Inc. was not entitled to a forfeiture hearing. As discussed above, "[i]f any person notifies the seizing law enforcement agency in writing of the person's *claim of ownership or right to possession* of [seized] items . . . the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right." RCW 69.50.505(5) (emphasis added). Here, the December 2013 demand letter that Potts gave to the hearing examiner did not assert any ownership or possessory interest over the vehicles seized from its property. Because the demand letter did not assert any ownership or right to possession of the vehicles that were seized, no right to a hearing was triggered under RCW

16

69.50.505(5). Accordingly, even if we reached the issue, we would conclude that Potts's argument fails.

V.      THE FINANCIAL ACCOUNTS

A.      The Superior Court Erred in Applying the Waiver Doctrine

Potts argues that superior court erred in concluding that he had waived his argument that was based on the hearing examiner's lack of statutory authority to order forfeiture of the financial accounts at issue. We agree.

Waiver is a mixed question of law and fact. *Brundridge v. Fluor Fed. Servs.*, 164 Wn.2d 432, 440-41, 191 P.3d 879 (2008). Where, as here, the parties present a mixed question of law and fact but do not dispute the facts, the question is one of law. *Id.* at 441. We review questions of law de novo. *Id.*

A person may waive a defense "if either (1) assertion of the defense is inconsistent with [the person's] prior behavior or (2) the [person] has been dilatory in asserting the defense." *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002). The doctrine of waiver is "designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." *Id.* The doctrine is also intended to encourage the assertion of procedural defenses "before any significant expenditures of time and money [have] occurred." *Id.* at 426.

Here, Potts was neither inconsistent nor dilatory in asserting that the hearing examiner lacked the authority to order forfeiture of the financial accounts based on the City's unlawful seizure of those accounts. In fact, Potts has raised the issue at the forfeiture hearing, his judicial notice of fact, and supplemental notice of appeal. Because Potts has consistently asserted the defense and timely raised the issue, we conclude that he did not waive the assignments of error

17

related to the financial accounts. *Id.* at 424. Accordingly, we hold that the superior court erred in concluding that Potts had waived his assignments of error relating to the financial accounts at issue.

B.      Legal Principles—Civil Forfeiture of Financial Accounts

As discussed above, we review final agency orders under the APA, "stand[ing] in the shoes of the superior court." *Musselman,* 132 Wn. App. at 846. When a trial court lacks the authority to enter an order, the order is void. *Servatron, Inc.*, 186 Wn. App. at 679. We review de novo whether a judgment is void. *Trinity Universal Ins. Co. of Kansas*, 176 Wn. App. at 195.

The forfeiture statute provides that "[a]ll moneys, negotiable instruments, securities, or other tangible or intangible property of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of [ch. 69.50 RCW]" is subject to seizure and forfeiture. RCW 69.50.505(1)(g). The authority to order forfeiture is statutory and must comply with proper forfeiture procedure. *$401,333.44*, 164 Wn. App. at 246. Law enforcement may seize personal property without process in one of four ways:

> (a) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;
> (b) The property subject to seizure has been the subject of a prior judgment in favor of the state in a criminal injunction or forfeiture proceeding based upon this chapter;
> (c) A **board inspector or law enforcement officer has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or
> (d) The **board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter.

RCW 69.50.505(2). "When the existence of probable cause supporting a seizure without process is disputed, the agency must prove that probable cause existed at the time of the seizure." *$401,333.44*, 164 Wn. App. at 245.

Conversely, "personal property subject to forfeiture . . . may be seized by any . . . law enforcement officer of this state *upon process* issued by any superior court having jurisdiction over the property." RCW 69.50.505(2) (emphasis added). The process is a judicial writ. *$401,333.44*, 164 Wn. App. at 245.

Article I, section 7 of the Washington State Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." A person's financial records fall within the constitutional protection of private affairs under article I, section 7. *State v. Reeder*, 184 Wn.2d 805, 815, 365 P.3d 1243 (2015). A search warrant or subpoena that is issued by a neutral magistrate, which is subject to judicial review, may satisfy the authority of law requirement. *Reeder*, 184 Wn.2d 817; *see also State v. Miles*, 160 Wn.2d 236, 247, 156 P.3d 864 (2007). If a subpoena, rather than a warrant, is the authority of law (i.e. the judicial writ discussed above) to obtain financial records, then such subpoena must be justified by "some reason" besides the statutory authority granting the power to issue the subpoena. *Reeder*, 184 Wn.2d at 817-19; *see also Miles*, 160 Wn.2d at 247-48.

C.       The Fibre Federal Accounts[9]

Potts appears to argue that the hearing examiner lacked authority to order forfeiture of the two Fibre Federal bank accounts because the City failed to follow statutory procedure in seizing those accounts.[10, 11] We decline to address this issue.

---

[9] The City fails to address whether the seizure of the Fibre Federal accounts were conducted in a manner consistent with RCW 69.50.505(2)'s procedures.

[11] Potts lumps all three bank accounts within the same assignment of error. But later in his briefing, Potts argues that the City failed to follow statutory procedure in seizing the Red Canoe account because it was obtained through a subpoena rather than a search warrant. Because core assignments of error with respect to the Fibre Federal and Red Canoe accounts appear to be distinct, they are addressed separately.

Here, Potts's assignment of error appears to be that the City seized his Fibre Federal accounts in a manner inconsistent with RCW 69.50.505(2)(a) or (d)—namely, without a valid warrant or probable cause. While the record provided to us includes an inventory list of property seized from Potts's home and the second dealership—which provides that "Check Books and Bank Cards" were seized from Potts's home—the specific financial accounts that were seized from Potts's home is unclear.[12] CP at 223. Potts asserts that the Fibre Federal accounts were seized from his home, but provides no records supporting that assertion. Specifically, Potts fails to provide us with a record of the portion of the suppression hearing from his criminal case that would have addressed the procedure in which the Fibre Federal bank accounts were seized.

The appellant has the burden to provide an adequate record to review issues raised. *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); RAP 9.6(a). Because Potts failed to provide an adequate record for review we decline to address the issue related to the Fibre Federal accounts. *See Sisouvanh*, 175 Wn.2d at 619.

D.     The Red Canoe Account

Potts argues that the hearing examiner erred by ordering forfeiture of the Red Canoe account. Specifically, Potts contends that collateral estoppel precludes enforcement of the forfeiture order because the trial court in his criminal proceeding had concluded that the seizure of the Red Canoe account was unlawful, which renders the forfeiture order void with respect to that account.

---

[12] The record on appeal does not contain an inventory list of the property seized from Potts Family Motors.

1.      Collateral Estoppel Does Not Apply

Whether collateral estoppel precludes or bars a claim is a question of law that we review de novo.  *City of Walla Walla v. $401,333.44*, 150 Wn. App. 360, 365, 208 P.3d 574 (2009). Criminal proceedings and civil forfeiture proceedings, while parallel, are separate.  *See* RCW 69.50.505; *Deeter v. Smith*, 106 Wn.2d 376, 378-79, 721 P.2d 519 (1986).  But courts have found that a criminal ruling, including rulings on the legality of a seizure, controls in a parallel civil forfeiture proceeding when collateral estoppel applies.  *See Barlindal v. City of Bonney Lake*, 84 Wn. App. 135, 145, 925 P.2d 1289 (1996); *see also $401,333.44*, 150 Wn. App. at 365-66.

Collateral estoppel requires a showing of: (1) identical issues, (2) a final judgment on the merits, (3) the party against whom the issue is asserted must have been a party to or in privity with a party to the prior adjudication, and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.  *$401,333.44*, 150 Wn. App. at 365.

Here, collateral estoppel does not apply.  Based on the record provided, the trial court in Potts's criminal case did not conclude that the seizure of the Red Canoe account was unlawful. Rather, the court concluded that, for reasons other than the unlawfulness of the seizure, it was granting the motion to suppress.  Because the court did not conclude that the seizure of the Red Canoe account was unlawful, we hold that the City is not collaterally estopped from arguing that account was seized in a manner consistent with RCW 69.50.505(2)'s procedures.

2. The Record is Inadequate for this Court's Review

Potts argues that the hearing examiner erred in ordering forfeiture of the Red Canoe account because the seizure of that account was conducted in a manner inconsistent with RCW 69.50.505(2). We decline to reach the issue.

Here, the record demonstrates that the City obtained the Red Canoe account through a subpoena. But the record provided to this court does not contain the affidavits in support, which would demonstrate the reason behind its issuance. Because the record is incomplete, we cannot review whether the City properly followed RCW 69.50.505(2) in seizing the Red Canoe Credit Union account. *See Reeder*, 184 Wn.2d at 817.

As discussed above, the appellant has the burden to provide an adequate record to review issues raised. *Sisouvanh*, 175 Wn.2d at 619; RAP 9.6(a). A hearing examiner's decision "'is presumed to be correct and should be sustained absent an affirmative showing of error.'" *Sisouvanh*, 175 Wn.2d at 619 (quoting *State v. Wade*, 138 Wn.2d 460, 464, 979 P.2d 850 (1999)). Although the superior court erred in concluding that Potts had waived his assignment of error relating to the Red Canoe Credit Union account, because Potts failed to provide an adequate record to review the issue, we affirm the superior court's order denying Potts's motions to vacate the administrative order of forfeiture. *Id.* at 619.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Veljacic, J._
Veljacic, J.

We concur:

_Maxa, J._
Maxa, J.

_Lee, C.J._
Lee, C.J.